QUIJANO et al. v. HOWARD. (No. 6674.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 11, 1922. Rehearing Denied Feb. 8, 1922.)

1. Appeal and error ⚬⇒655(3) — Motion to strike statement of facts held too late.

A motion to strike the statement of facts from the record, on the ground that a copy was not filed in the district court as required by law, is too late after the 30 days, prescribed by Courts of Civil Appeals rule 8 (142 S. W. xi) for filing motions relating to informalities in the record, has expired.

2. Appeal and error ⚬⇒938(3)—Erasure in statement presumed to have been made before agreement to statement.

Where the appearance of statement of facts indicates that an erasure has been made at one place, it will be presumed that the erasure was made before the statement of facts was agreed to by the parties.

3. Corporations ⚬⇒503(1) — Corporation acceptor for payment of draft in county of residence must be sued there.

Where a corporation, in accepting a draft, expressly stated it was to be payable at a bank within the county where the corporation resided, the company was bound only according to the tenor of the acceptance, under Uniform Negotiable Instruments Act, § 62, and cannot be sued on its acceptance outside of that county.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Suit by J. W. Howard against R. Quijano and the American Commercial Company of Laredo. From an order overruling the plea of privilege of the corporation, it appeals. Reversed, and judgment rendered, changing the venue.

John L. George and D. McNeill Turner, both of Laredo, for appellant.

L. H. Browne, of San Antonio, for appellee.

FLY, C. J. Appellee sued R. Quijano and the Mexican American Commercial Company

on a draft drawn by Quijano on the Mexican American Commercial Company of Laredo, Tex., payable to the order of the National Bank of Commerce of San Antonio, Tex., for $2,099.17. It was alleged that Quijano was a resident of Bexar county and the Mexican American Commercial Company had its domicile in Webb county. The latter interposed a plea of privilege to be sued in Webb county, and from an order overruling that plea this appeal has been perfected by the company.

The facts agreed to by the parties and approved by the trial judge are as follows:

"This is a suit on a draft, in the sum of $2,-099.17, which said draft is dated April 7, 1921. The same was drawn by R. Quijano, payable at the National Bank of Commerce, San Antonio, Tex.; and the same was drawn on the Mexican-American Commercial Company, of Laredo, Tex., and same was accepted by said Mexican-American Commercial Company, on April 9, 1921, by written indorsement thereon, duly signed by the cashier of said Mexican-American Commercial Company, which said acceptance was in these words: 'Payable at Laredo National Bank.' The Laredo National Bank has its domicile in Laredo, Webb county, Tex.; R. Quijano is a resident of Bexar county, Tex.; the Mexican-American Commercial Company is domiciled in Webb county, Tex.; it has no agent in Bexar county, Tex.; J. W. Howard is the owner of the draft sued on, and payment thereof was refused, by defendant Mexican-American Commercial Company, on April 22, 1921; and no facts, other than the above were submitted to or considered by the court in passing upon the issues raised by said plea of privilege and controverting affidavit."

[1] The original statement of facts was filed in this court on September 28, 1921, and a motion to strike the same from the record on the ground that a copy was not filed in the district court as required by law has been filed. Appellee has lost his right to file this motion after this long lapse of time. Rule 8. Courts of Civil Appeals. (142 S. W. xi). We do not intimate that the motion would be sustained, even if it had been filed in proper time.

[2] It is alleged in the petition that the draft was payable to the National Bank of Commerce of San Antonio, which is necessarily correct, for if, as the statement of facts recites, the check was payable "at," and not "to," the National Bank of Commerce, there was no payee in the draft. The appearance of the word "at" in the statement of facts indicates an erasure and change, but the presumption will prevail that this was done before the statement of facts was agreed to by the parties.

[3] Whether the draft was payable "to" or "at" the National Bank of Commerce, there is no doubt about the acceptance of the draft, which was "payable at Laredo National Bank," which bank has its domicile in Laredo, Webb county, Tex. Quijano, the drawer of the draft, may have promised to pay it "at the National Bank of Commerce, San Antonio, Texas," payee not named; but the acceptance was not so made, as it was specially provided that the payment should be at a bank in Laredo, Webb county. The facts utterly fail to show that the company ever contracted to pay any sum of money in Bexar county. The company was only bound on the draft by its acceptance, and that did not provide for payment in Bexar county. The acceptance of the draft was a qualified and local acceptance. The company is bound according to the tenor of its acceptance, and not otherwise. Article 5, § 62, Uniform Negotiable Instruments Act (Laws 36th Leg. p. 197).

The judgment is reversed, and judgment here rendered that the venue of the cause be changed to Webb county, and the cause is remanded to the district court of the Seventy-Third district court of Bexar county, with instructions to the district clerk to make up a transcript of all orders made in said cause, certifying thereto officially under seal of the district court, and transmit the same, with the original papers in the cause, to the clerk of the district court of Webb county.

Reversed and rendered.