<em>C. M. Cureton,</em> Chief Justice.

D. C. GERNETH, BY NEXT FRIEND, v. GALBRAITH-FOXWORTH LUMBER COMPANY.

No. 4889.   Decided November 30, 1927.
(300 S. W., 17).

*H. L. Stuart, R. R. Bell* and *W. S. Moore,* for appellant.

Under the facts shown and under Art. 2245 of the Revised Civil Statutes, the affidavits attached to the motion of appellant for rehearing should be considered, and the third certified question should be answered in the affirmative, and that an appellate court may permit a statement of facts to be filed, although it may not have been lawfully filed in the District Court; and under the facts and circumstances of this case, and under the provisions of Art. 2245 of the Revised Civil Statutes, the fourth certified question should be answered in the affirmative. Art. 2245 of the R. C. S. of 1925; Art. 2074 of Vernon's Sayles' Tex. Civ. Stats., originally enacted in 1887; Ziegler v. Hunt, 280 S. W., 546; First State Bank v. Bland, 291 S. W., 657 (opinion on motion for rehearing of motion to strike out statement of facts); Heflin v. Ry. Co., 106 Texas, 23, 155 S. W., 188; Blount v. Lewis, 49 S. W., 405; Strickland v. Sandmeyer, 52 S. W., 87; T. & G. Ry. Co. v. First Natl. Bank, 112 S. W., 589; Gibbs v. State, 156 S. W., 687.

As the statement of facts was presented to counsel for appellee on May 27, 1927, was agreed to, with reservation of right to make objection by counsel for appellee, on May 30, 1927, and was approved by the trial judge on May 31, 1927, and filed by the clerk of District Court on June 2, 1927, and the time for filing record did not expire until June 12, 1927, and the transcript and statement of facts was filed in the Court of Civil Appeals on the 7th day of June 1927, the motion of appellee to strike said statement of facts should not have been sustained. We cite here the following additional authorities: Art. 2246, R. C. S., 1925; Golden West Oil Co. v. Golden Rod Oil Co., 285 S. W., 627; Daggett v. Farmers Natl. Bank, 259 S. W., 198; Cooke v. Seay, 143 S. W., 676; Witherspoon v. Crawford, 153 S. W., 634.

The cases of S. A. & A. P. Ry. Co. v. Holden, 93 Texas, 211, 54 S. W., 751, Jackson v. H. E. & W. T. R. Co., 293 S. W., 865, and

Speer v. Rushing, 178 S. W., 1012, cited by appellant in said motion and by the Court of Civil Appeals in the opinion permitting the filing of briefs, clearly show that no harm was done to appellee by the granting of said motion to file briefs, and that the action of the Court of Civil Appeals in permitting the filing of briefs was clearly correct.

*Underwood, Johnson, Dooley & Simpson; Turner, Culton & Gibson,* and *Garnett & Garnett,* for appellee.

Art. 2241, Rev. Stats., 1925 (affidavit of inability to pay for statement of facts) ; Art. 2242, Rev. Stats., 1925 (attorneys make up own statement of facts). Attorneys did nothing to make up their own statement of facts, and statement filed late stricken. Pruitt v. Blesi, 204 S. W., 715-16. Relator in no way accounts for his failure to make up his own statement of facts. Young v. Pearman, 125 S. W., 362.

Attorney must exercise greatest diligence to make up and file statement of facts. Fire Assn. v. Stillwell, 63 S. W., 951.

Under the record in this case, good cause was not shown—the very reverse was shown. Savage v. State, 148 S. W., 586.

As to whether good cause was shown was addressed to the sound discretion of the court. Christensen v. Anderson, 58 S. W., 964.

It is no excuse that the attorney was mistaken as to the time within which to file. Must file within time allowed by the court. The statute is mandatory. Railway v. McCord, 199 S. W., 526.

The statute (as to filing statement of facts and time for filing) is mandatory, but on motion to strike appellant may always show he had order from the court extending time. Couturi v. Crespi, 131 S. W., 404.

Acts Thirty-second Legislature (Art. 2073, now repealed) as to perfecting record on appeal, does not impose upon the trial court the absolute duty either to extend time for filing or to approve statement of facts or prepare one himself if incorrect, but vests in him the discretion to do as he chooses, which can not be controlled by any other court.

Discretion being in the trial judge as to allowing statement of facts filed after thirty days after adjournment, it is immaterial whether parties acted with all possible diligence, if the statement was offered too late. The discretion was vested absolutely in him, and is not subject to control by this or any other court. Dobie v. Scott, District Judge, 188 S. W., 286.

We must presume that the trial court acted within his sound discretion in refusing to extend time for filing statement of facts. Kingsley v. Kerr, 135 S. W., 161.

We are powerless to revise the action of the trial court as to refusing extension of time, unless the matter is brought before us as any other ruling of the trial court, so this court might act upon same as an appellate court, and not as a court of original jurisdiction as to the matter sought to be inquired into.

The very fact that the statute expressly confers on the trial court the discretionary power of passing upon the reasonableness of an excuse for not filing statement of facts in thirty days provided by statute, and of granting or refusing an extension of time, and at the same time fails to intimate that any other tribunal shall have such power, is tantamount to a declaration that no other tribunal shall have the power, etc. Natl. Bank of Commerce v. Lone Star Mfg. Co., 152 S. W., 663-4-5.

MR. PRESIDING JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals of the Second Judicial District has certified to the Supreme Court the following certificate:

"This cause originated in the District Court of Cooke County, a court which may not by law continue more than eight weeks. D. C. Gerneth, a minor, sued by his next friend, his father, Otto Gerneth, the Galbraith-Foxworth Lumber Company, for personal injuries alleged to have been sustained by the minor. Judgment was entered for defendant on an instructed verdict on January 20, 1927. Plaintiff's amended motion for new trial was filed February 25, and overruled the same day. The January term of the court began January 3, and ended February 26. The appeal bond was filed in the District Court March 14. The transcript was filed in this court June 7. The statement of facts was filed the same day. In the District Court, on May 16, seventy-nine days after the court had adjourned, appellant filed his motion to extend the time for filing the statement of facts in the trial court. The court had prior thereto allowed appellant sixty days in which to file the bills of exception and statement of facts. The motion to extend the time for filing the statement of facts was overruled May 26, 1927, in the following order:

" 'And the court having heard said application and the defendant's contest thereof, the evidence and the argument of counsel, and being fully advised in the premises, is of the opinion that said appli-

cation should be denied, because good cause has not been shown why the same should be granted.'

"On May 30 attorneys for appellee agreed to the statement of facts presented as a statement of the facts heard in the trial court, in the following words:

" 'In agreeing to this statement of facts, defendant does not consent to its being filed in any court, and specifically reserves the right to object to and oppose the filing of said statement of facts in any court, and to move to strike the same if filed, because the eighty days allowed for filing under Art. 2246, R. S., of 1925, expired before same was presented to defendant's counsel on May 27, 1923, for examination and agreement, and the trial court refused to extend the time for filing because good cause was not shown by plaintiff entitling him to such extension, as shown by order entered in the trial court on May 26, 1927. This, May 30, 1926.' "

The court, on May 31, made the following approval:

" 'Approved as a statement of facts,' but refused to order it filed. It was filed in the district clerk's office June 2, and in this court June 7, 1927. In this court appellee filed, on June 9, a motion to strike the statement of facts from the files, which motion we granted, as shown by our opinion handed down July 9. .There was brought up no record of the evidence heard in the trial court on the motion to extend the time, either by a statement of facts or by bills of exception, and no evidence was offered here, by appellant or otherwise, and we held that the trial court was the primary tribunal, at least, to determine the sufficiency of the reasons urged for filing of a statement of facts after time, and in the absence of a statement of facts or a bill of exceptions showing the evidence, we were not authorized to overrule the trial court's action.

"At the same time, on June 18, 112 days after the adjournment of the trial court, and ninety-six days subsequent to the filing of the appeal bond, appellant filed his motion to file his briefs. A copy of the briefs had not been filed in the trial court, nor was there any waiver shown. But on the authority of such cases as S. A. & A. P. Ry. Co. v. Holden, 93 Texas, 211, 54 S. W., 750, and Jackson v. H. E. & W. T. Ry. Co., 293 S. W., 865, by the Beaumont Court of Civil Appeals, and Speer v. Rushing, 178 S. W., 1012, by the Austin Court of Civil Appeals, we granted this motion, though appellee vigorously contested the motion.

"Appellant has filed a vigorous motion for rehearing on our order to strike the statement of facts from the files, and has attached to

said motion several affidavits to the effect that the father, suing as next friend of the minor, is a poor man, making his living by daily labor, and that on account of weather conditions, he did not work regularly about the time of this judgment, and for several months subsequent thereto, and that he secured the statement of facts as soon as he was able to make arrangements to pay for it, and promptly tendered it to the opposing counsel for agreement, and to the trial court for approval promptly thereafter. No excuse was offered for the failure to present this proof at the time the original motion was heard in this court.

"In considering this motion, we are entirely agreed as to what our action should be. Appellee has filed a motion to strike from the motion the affidavits attached thereto, inasmuch as its counsel claim that we are not authorized to consider the same, when on hearing of the motion in the trial court evidence was heard and no record of that evidence is shown. Therefore, we deem it advisable to certify to Your Honors the following questions:

"1. Did this court err in striking the statement of facts from its files?

"2. Did this court err in permitting the briefs of appellant to be filed, under the circumstances shown?

"3. May we, under the facts shown, and under Art. 2245, Rev. Civ. Stats., consider the affidavits attached to appellant's motion for rehearing, which, in the main, are concerning matters which were known to appellant and his attorneys at the time the trial court heard the motion to extend the time for the filing of the statement of facts?

"4. May an appellate court permit a statement of facts to be filed which has not first been lawfully filed in the trial court? If so, when? The cases of Bank v. Bland, 291 S. W., 657, Lincoln v. State, 147 S. W., 1195, Magee v. Magee, 272 S. W., 252, and Ziegler v. Hunt, 280 S. W., 546, seem to be pertinent to this question."

We decline to answer the first question as a matter of law for the reason that the question involves a disposition of the statement of facts based upon an issue of fact exclusively within the jurisdiction of the Court of Civil Appeals. If the Court of Civil Appeals struck the statement of facts from the files upon the ground that that court did not have any jurisdiction to pass upon the question, then the Court of Civil Appeals erred in so doing. Upon the other hand, if the Court of Civil Appeals concluded as a fact that the appellant tendering the statement of facts to the clerk for filing had not shown

to the satisfaction of the Court of Civil Appeals due diligence to have the statement of facts filed within the time prescribed by law for filing the same, and that his failure to file the same within said time was due to the fault of himself or his attorney and was not the result of causes beyond his control, then the Court of Civil Appeals did not err in striking the statement of facts. Art. 2245 of the Revised Civil Statutes of 1925, which was originally enacted in 1887, General Laws, Vol. 9, p. 815, is as follows:

"Whenever a statement of facts has been filed after the time prescribed by law, and the party tendering the filing of same shall show to the satisfaction of the appellate court that he has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time prescribed by law for filing the same, and that his failure to file the same within said time is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control, the appellate court shall permit said statement of facts to remain as part of the record and consider the same in the hearing and adjudication of said cause the same as if said statement of facts had been filed in time."

Under the provisions of this article the party tendering the filing of the statement of facts after the time prescribed by law for filing the same is entitled to have the same considered by the Court of Civil Appeals, although not filed within the time prescribed by law in the trial court, whenever the party so tendering the statement of facts shall be able to show to the satisfaction of the Court of Civil Appeals that he had used due diligence to tender for filing a statement of facts within the time prescribed by law and that his failure to tender the same within said time was not due to his own fault or that of his attorney and that such failure was the result of causes beyond his control. This showing involves a question of fact to be determined exclusively by the Court of Civil Appeals and is not within the jurisdiction of the Supreme Court. This provision of the law above quoted has been in existence previous to the adoption of the Constitution whereby the Courts of Civil Appeals were established, and in Rains v. Wheeler, 76 Texas, 390, 13 S. W., 324, the Supreme Court exercised its jurisdiction in a similar situation, but in doing so evidently recognized the power of an appellate court to determine these questions of fact, saying, in speaking of the statute above quoted, "that act only dispenses with the limitation as to time when there has been no lack of diligence in preparing a statement of facts and does not dispense with the essential prerequisites of the approval and sig-

nature of the judge." Here it appears that the statement of facts under discussion has all the legal requisites of such a document, including the agreement of the party and the approval of the trial judge. It appears that while the document is an approved statement of the facts proven upon the trial of the case, duly authenticated by the signature of the trial judge as well as the agreement of the parties, and while it has the file mark of the clerk, yet the date when this file mark was placed upon it was not within the time prescribed by law.

The contention is made by the appellee that the appellant should have taken a bill of exception to the action of the trial judge in refusing to extend the time within which the statement of facts might be filed, and that this bill of exception should have had incorporated in it the testimony as well as all other essential proceedings before the trial judge wherein the application to extend the time was heard, and that because there is no such bill of exception within the record the Court of Civil Appeals is without jurisdiction to determine as a fact whether the provisions of Art. 2245 have been met. We think this is an erroneous construction of Art. 2245. It is true that the law empowers the trial judge to grant or deny an application to extend the time within which a statement of facts may be ordered filed. Should such an application be granted and the statement of facts should be filed within such time as not to delay the filing of the transcript in the Court of Civil Appeals within the time prescribed by law, such filing of the statement of facts would be regular and no question could be properly raised successfully assailing such regularity. Upon the other hand, should the trial judge deny such an application, his action in the premises could not be preserved in the record if, in fact, the District Court had lost jurisdiction of the case by reason of the fact that a pauper's affidavit or an appeal bond or a supersedeas bond, duly authenticated, had been previously filed, as the record in this case shows to have been done. It does appear from the record, however, that while the statement of facts was filed by the clerk, this action of the clerk was without the authority of the trial judge ordering it to be filed and that the filing by the clerk on the date it was filed was after the time expired within which the statement of facts could have been legally filed without such an order from the trial judge. So the action of the clerk was a nullity. We are, however, of the opinion that Article 2245 authorizes the Court of Civil Appeals in the proper case to order filed in that court a statement of facts which has been tendered for filing at a time and

under such circumstances as meets the conditions prescribed by said articles of the statutes where the document has been approved as a statement of facts by the trial judge following an agreement of the parties that the same constitutes a true statement of the facts, and where, as in this case, the trial court has lost jurisdiction of the case by reason of a previous filing of an appeal bond. In Stewart v. Moore, 291 S. W., 891, this section of the Commission, in discussing this particular question, under a different state of facts, however, says:

"It is apparent from the record in this cause that the plaintiffs in error filed their appeal bond, duly approved, within the time prescribed by law. This admitted fact divested the county court of Tarrant County of all jurisdiction over the case."

There is a line of decisions of which Willis v. Smith, 90 Texas, 636, 40 S. W., 401, Boggess v. Harris, 90 Texas, 476, 39 S. W., 565, and Ennis Merc. Co. v. Wathen, 93 Texas, 622, 57 S. W., 946, are examples, holding that only the trial court has the authority to make a correction of its own records. This is unquestionably true since no other court would have the authority to correct any misstatement in the record. Every court is the keeper of its own records and the judge of their correctness. No such question as this, however, is presented in this case since it is apparent that the file mark of the clerk is shown to be a nullity. The question we are discussing is whether under Article 2245 the Court of Civil Appeals has the jurisdictional authority to consider the affidavits presented by the appellant in support of its claim that notwithstanding the statement of facts was not tendered for filing within the time prescribed by law, yet it is entitled to have the Court of Civil Appeals order the statement of facts filed in that court and considered in its disposition of the case. We think the Court of Civil Appeals has this authority. Heflin v. Eastern Ry. Co. of N. Mex., 106 Texas, 23. So we answer Question No. 3 in the affirmative. We disclaim, however, any intention to express an opinion as to the sufficiency of the facts stated in the affidavits to justify the Court of Civil Appeals in ordering the filing and in considering the statement of facts. Having answered Question No. 3 in the affirmative, it necessarily follows that the first part of Question No. 4 must also be answered in the affirmative. We decline to answer the second paragraph of said question for the reason that it does not present a concrete question of law.

The appellee, under the statement in the certificate, has not been prejudiced by appellant's failure to comply with the statute requiring him to file a copy of the brief with the clerk of the trial court five days before the filing of the transcript in the Court of Civil Appeals and allowing the appellee twenty days after notice of filing within which to file one in his own behalf. So we think the Court of Civil Appeals did not err in permitting the briefs of appellant to be filed under the circumstances shown and we answer Question 2 in the negative. San Antonio & A. P. Ry. Co. v. Holden, 93 Texas, 211; Speer v. Rushing, 178 S. W., 1012, and the authorities there cited.

We recommend that Question 1 be not answered; that Questions 3 and 4 be answered in the affirmative; and that Question 2 be answered in the negative.

The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified.

*C. M. Cureton,* Chief Justice.