## FIRQUIN v. MONEY.
### No. 1504.

Court of Civil Appeals of Texas. Waco.

Feb. 8, 1934.

Nat Harris and Mabel Gray Howell, both of Waco, for appellant.

George Clark, of Waco, for appellee.

PER CURIAM.

Appellee, E. L. Money, has filed a motion to strike from the record the statement of facts herein. The time allowed by law for filing the transcript and statement of facts in this court expired on the 28th day of June, 1933. The transcript was filed on that day, and appellant filed therewith his motion asserting that he had been unable to procure a statement of facts in the cause and reciting the reasons why he had been unable to do so. He prayed for an order allowing additional time in which to perfect the record by procuring and filing the statement of facts. This court, on July 13, 1933, considered said motion and granted the same and allowed thirty days' additional time in which to procure and file such statement of facts. Appellant filed herein, on the 25th day of July, which was within the extended time allowed by this court, a statement of facts, agreed to by both parties and approved by the trial judge. Said statement of facts does not bear the file mark of the clerk of the trial court. The absence of such file mark is the sole ground asserted by appellee for striking the same from the record.

Appellee, in support of his contention that this court is without authority or jurisdiction to consider said statement of facts, the same never having been filed in the trial court, cites a number of authorities which sustain the same. The principal and the most recent of said authorities are Ziegler v. Hunt (Tex. Com. App.) 280 S. W. 546, First State Bank of Wortham v. Bland (Tex. Civ. App.) 291 S. W. 650, and Magee v. Magee (Tex. Civ. App.) 272 S. W. 252. The last two of said cases were decided by this court.

The Supreme Court of this state, however, in the case of Gerneth v. Galbraith-Foxworth Lumber Co., 117 Tex. 205, 300 S. W. 17, 18, considered, on certificate from the Court of Civil Appeals at Fort Worth, the following question, which we quote literally: "(4) May an appellate court permit a statement of facts to be filed which has not first been lawfully filed in the trial court? If so, when? The cases of Bank v. Bland (Tex. Civ. App.) 291 S. W. 657, State v. Lincoln (Tex. Civ. App.) 147 S. W. 1195, Magee v. Magee (Tex. Civ. App.) 272 S. W. 252, and Ziegler v. Hunt (Tex. Com. App.) 280 S. W. 546, seem to be pertinent to this question."

The Supreme Court answered the first interrogatory embraced in said question in the affirmative, but declined to answer the second interrogatory therein contained because it did not present a concrete question of law. It will be noted that the three principal cases relied on by appellee to sustain his contention in this case were called directly to the attention of the Supreme Court in the question propounded to them as above quoted. All of

said cases were decided by Courts of Civil Appeals except Ziegler v. Hunt. That was decided by the Commission of Appeals on a writ of error granted by the Supreme Court. The Commission of Appeals recommended the affirmance of the judgment, and the Supreme Court adopted the recommendation. The precedential force of the opinion of the Commission of Appeals in such cases is somewhat limited. See Hager v. Stakes, 116 Tex. 453, 294 S. W. 835, 838, par. 1, and authorities there cited. While the opinion of the court in Gerneth v. Lumber Company, supra, was written by a member of the Commission of Appeals, it was in answer to certified questions and was specifically adopted by the Supreme Court and ordered certified to the court below for its guidance. Such opinions are given by statute full precedential effect and are so recognized by the Supreme Court itself.

This court, in an unpublished memorandum opinion in the case of John Lee Plunkett v. H. H. Simmons, permitted the statement of facts to be filed in this court and thereafter considered the same, notwithstanding the trial court had affirmatively declined to authorize or order the filing of the same in the district court. The time for filing the record in this court in that case had been extended largely on account of the inability of the appellants to procure the statement of facts. While such statement bore the file mark of the clerk of the district court, such file mark was indorsed thereon without authority of the court and was, under the case of Gerneth v. Lumber Company, above cited, a nullity, and such statement of facts, in legal effect, unfiled. This court also, in an unpublished memorandum opinion on rehearing, in the case of McClure v. Fall, set aside a former order striking the statement of facts and refused to strike the same. Placing the most favorable construction on the order of the trial court in that case, the time allowed by it for filing the statement of facts therein expired November 17, 1930. The statement was filed in that court November 18, 1930, without further order or authority, and was therefore a nullity. This court considered the statement of facts in determining the cause. Writ of error was granted by the Supreme Court [67 S.W.(2d) 231], and the judgment of this court on the merits affirmed after an examination of the facts. We are of the opinion that the holding of the Supreme Court in said case of Gerneth v. Lumber Company should be followed in determining the issue here presented.

The order of this court extending the time for filing the statement of facts in this cause was a judicial determination that the showing of diligence made by appellant as ground for such extension was sufficient. We see no occasion to here review that holding.

The statement of facts was filed herein on the 25th day of July, 1933. Motion to strike the same from the record was filed herein on January 17, 1934, nearly six months after such filing. Appellant objects to the consideration of the same on the ground that such motion was not filed within thirty days after the filing of the statement of facts in this court, and invokes rule 8 for the government of Courts of Civil Appeals in support of such objection. Said rule provides that all informalities in the manner of bringing a case into court shall be deemed waived unless objected to by motion within thirty days after the filing of such case in this court. Appellant's contention is in accord with the holding of the Court of Civil Appeals in Quijano v. Howard, 237 S. W. 319, 320, par. 1. See, also, Clifton Mercantile Co. v. Conway (Tex. Civ. App.) 264 S. W. 192, 193, par. 1.

Appellee's motion to strike the statement of facts is overruled.