**RINCON INV. CO. v. WHITE et al.**
No. 9702.

Court of Civil Appeals of Texas.
San Antonio.
July 1, 1935.

See, also (Tex. Civ. App.) 54 S.W.(2d) 1052.

John C. North, of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellees.

SMITH, Justice.

Appellees have filed motion to strike the statement of facts from the record. The motion having been denied, appellees have moved for rehearing thereon.

The motion to strike is based upon two grounds: First, that appellees had no notice of the filing of the statement of facts in the court below, and therefore had no opportunity to examine and make their objections thereto, before it was approved by the trial judge and filed in this court; and, second, that certain documentary evidence adduced upon the trial was omitted from the statement of facts.

In the statute governing the preparation, filing, examination, approval, and refiling of the statement of facts in appealed cases, it is provided that when the court reporter completes the transcript of the evidence he shall file the same with the clerk of the court trying the case, "and it shall be made the duty of the court, if the transcript be found to be correct, to approve the same; provided, however, before approving same, notice of the filing shall be given to the interested parties, who may make objections thereto, and any objections, if found to be material and well-founded, shall be allowed. If said transcript is thus approved and signed by the judge, the same shall be filed among the papers of said cause and become a record therein, but not to be recorded." Article 2238, as amended (Acts 1931, 42d Leg. 1st Called Sess., p. 75, c. 34, § 2 [Vernon's Ann. Civ. St. art. 2238].

It will be observed that the statute does not prescribe the character of notice, to be given the parties, of the filing of such transcript in the trial court, nor does it designate the party or official who shall give such notice. But, because the general burden of appeal rests upon the party prosecuting the appeal, it is, undoubtedly, the duty of such party to see to it that notice of the filing of the transcript, made requisite by the statute, is given to his adversary, in time to allow him a reasonable opportunity to examine and make his objections, if any, to the document. This seems obvious, from the very nature of the obligation resting upon the appellant to present a proper record on appeal, as a prerequisite to the consideration of his appeal, since the statute requires that, before the trial judge approves the statement of facts, such notice must be given. And where it clearly appears from the record in any given case that the requisite notice and opportunity for examination has not been given the appellee before the approval of the transcript by the trial judge, and filing here, this court will not

1092

hesitate to strike the document from the record, upon proper motion. Corbett v. School Dist. (Tex. Civ. App.) 52 S.W.(2d) 1116. To prevent this, and to save his appeal, it behooves an appellant to see to it that the requisite notice and opportunity are given his adversary.

■ We are also of the opinion that, before a trial judge approves such transcript as correct, he should satisfy himself that such notice, and opportunity for examination and objection, has been given the appellee, since the statute, in effect, prohibits the judge from giving such approval in the absence of such notice and opportunity. And we think, at least as a matter of good practice, that the certificate of approval of the trial judge should include a recital of the fact that such notice has first been timely given.

■ It will also be observed that the statute does not prescribe the character of the notice to be given in such procedure, but this court is of the opinion that any actual notice will constitute substantial compliance with the requirement. And, as a matter of good practice, at least, it should be given in such manner as to preclude any question of the fact of timely notice.

■ Appellees make the further objection that the statement of facts was not filed below within the enlarged time allowed therefor by the trial judge, under the provisions of article 2246, as amended by the Acts of 1931 (42d Leg. p. 100, c. 67 [Vernon's Ann. Civ. St. art. 2246]). It appears that the trial judge allowed appellant 70 days in which to file the statement of facts, whereas, it was not filed until the 71st day. It appears, however, that this court had previously granted appellant an extension of time for filing the statement of facts in this court, and appellant filed it below within the extension period. The effect of that extension was to adjudicate, in appellant's favor, the question of its diligence in preparing and filing the record in the trial court. Appellees' objection is therefore overruled. Firquin v. Money (Tex. Civ. App.) 67 S.W.(2d) 892.

Now, with these general observations concerning the policy of this court in such matters, 'we come to consider appellees' motion for rehearing of their overruled motion to strike the transcript of the evidence.

■ 1. The record shows that this is a case of unusual magnitude, and of great importance, at least to the parties, since it involves the title to highly valuable real properties, and a large money judgment. The case has been thrice tried below, and once before appealed. (Tex. Civ. App.) 54 S.W.(2d) 1052. The statement of facts upon this appeal consists of 688 pages, and the supplemented transcript, 735 pages. The record shows, further, that when the court reporter transcribed his notes, and had about completed the document for filing, he found that appellees' counsel had in his possession a document which had been introduced in evidence; whereupon, on December 9, 1934, the reporter wrote appellees' counsel, requesting him to forward the document for inclusion in the transcript, and advising him that "I am just about to wind this record up and file it at Sinton (the seat of the trial), and find that this paper is missing and cannot be found in the clerk's office. If you have the (document), won't you please send it to me at once?" In response to this request, appellees' counsel forwarded the desired paper, on December 13th. The reporter thereupon copied it into the transcript, which he completed and filed in the trial court on December 20th. The reporter has certified, under oath, that he at once wrote counsel, in the same city, giving him notice of this filing. Counsel, however, has made affidavit that he did not receive the notice. The record shows, nevertheless, that following his advice to appellees' counsel, on December 9th, that he "was just about to wind this record up and file it," when supplied with the missing paper (which was thereupon, on December 13th, furnished him by counsel), the reporter did promptly thereafter, on December 20th, file the completed transcript. The transcript remained on file, subject to examination and objection by appellees, until December 31, when it was approved by the trial judge, and refiled in that court, as so approved, on January 5th, and filed in this court on January 9th. These undisputed facts, and disputed facts which this court declines to resolve, as well as other circumstances bearing upon the issue of notice to, or knowledge of, appellees, prohibit this court from assuming the responsibility of depriving appellant of its right of appeal by striking the statement of facts, and require that we give effect to the presumption of the verity of the record, as approved by the trial judge.

2. For a like reason, we will not resolve the issue, in the face of a sharp controversy thereon between the parties, as to whether the statement of facts embraces all the evidence adduced upon the trial, but will indulge the presumption that the certificate of approval of the trial judge, attached to the statement of facts, that the same is a correct statement of facts, gives full verity to the document. Such matters are for the determination of the trial judge, and not of this court.

Appellees' motion for rehearing will therefore be overruled, but leave will be granted appellees to present to this court, or on before July 20, 1935, by motion for leave to file, a supplemental statement of facts, to be approved by the judge trying the cause, embracing a transcript of such documentary evidence, if any, as the trial judge may certify was introduced upon the trial, and omitted from the filed statement of facts. If such supplemental transcript is presented within the prescribed period, this court will determine, in the exercise of its discretion, whether the same shall be filed as a part of the record in the cause. Garrison v. Ins. Co. (Tex. Civ. App.) 69 S.W.(2d) 218. This leave is granted solely upon the doubt raised on the question of timely notice, to appellees, of the filing of the transcript of the evidence in the trial court, and because of the very unusual facts peculiar to this case, and is not intended as a precedent of practice in this court.

BICKETT, C. J., being disqualified, did not participate in determining the matters discussed; Honorable R. J. BOYLE, Special Chief Justice, sitting in place of the CHIEF JUSTICE.