**McKAY et ux. v. KELLY.**

No. 12032.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 26, 1949 .

Spann & Spann, San Antonio, for appellants.

Carl Wright Johnson, San Antonio, Scott, Wilson & Cureton, Waco, Birkhead, Beckman, Stanard, Vance & Wood, San Antonio, for appellee.

W. O. MURRAY, Justice.

Appellee, W. A. Kelly, has filed Motion No. 16094, asking that the statement of facts heretofore filed in this cause be stricken and not considered by the Court. Appellee bases this motion upon two propositions: First, that the statement of facts was not timely filed in the trial court, and, second, that it was not properly authenticated either by the trial judge or by the agreement of parties, as is provided for by Rule 377, Texas Rules of Civil Procedure. The record shows that judgment was rendered in the trial court on June 8, 1949, and that notice of appeal was given and an appeal bond timely filed. On July 27, 1949, appellants filed a motion in the trial court for an extension of time within which to file the statement of facts in said court. This motion was granted and the time for filing the statement of facts was extended to August 23, 1949. On August 4, 1949, appellants filed a motion for an extension of time in the Court of Civil Appeals. This motion was granted on August 22, 1949, and the time for filing the record in the Court of Civil Appeals was extended to September 30, 1949.

On September 29th appellants presented the statement of facts to the clerk of the trial court, whereupon the clerk placed his file mark on same as of that date, which was some thirty-six days beyond the time as extended by the trial court, but within the time as extended by the Court of Civil Appeals for the filing of the record in this Court. The statement of facts was on the same day filed in the Court of Civil Appeals. The statement of facts is certified by the official court reporter as constituting a full, true and correct statement of all the facts admitted in evidence by the court upon the trial of the case. The statement of facts is not approved by the trial judge, but appended to it is a letter from attorney Harold K. Stanard, stating that he and other attorneys for appellee are not willing to sign the agreement tendered to them by appellant because it contains a statement that the same shall be filed as a statement of facts and bill of exceptions in the case. However, the letter further states that they are willing to agree that it contains a full,

994

true and correct transcript of the testimony admitted in evidence and objections to testimony and rulings of the court, and that they wish to reserve their right to object to its filing or being considered by the appellate court as a statement of facts in the case, on the ground that it was not legally filed within the time required by law.

■ We overrule appellee's motion. When this Court granted an extension of time within which the statement of facts might be filed in this Court, it thereby adjudicated the question as to appellants' diligence and right to belatedly file the statement of facts. When the motion for an extension of time was filed in the Court of Civil Appeals this Court was thereby given complete jurisdiction over the question as to whether or not appellants would be permitted to file the statement of facts after the time allowed by Rules 381 and 386, T.R.C.P., and, likewise, the trial court lost jurisdiction over the matter. Firquin v. Money, Tex.Civ.App., 67 S.W.2d 892; Rincon Inv. Co. v. White, Tex.Civ.App., 83 S.W.2d 1090; Gerneth v. Galbraith-Foxworth Lumber Co., 117 Tex. 205, 300 S.W. 17. Where the time of filing a record is extended by the Court of Civil Appeals, under the provisions of Rule 386, it has power to fix the conditions under which the record will be permitted to be filed and it thus has the power to waive the filing of the statement of facts in the trial court. It is true that where no motion for an extension of time has been filed in the Court of Civil Appeals that the trial judge has complete control over the filing of the statement of facts in the trial court, and if the same is not filed within the fifty days allowed by Rule 381, T.R.C.P., then, ordinarily, there must be an order of the trial judge extending that time, and if the statement of facts is filed in the trial court after the fifty days, without the time having been extended in any way by the trial judge, such a filing is a nullity and does not meet the requirements of Rule 381, and the appellate court will not consider a statement of facts not filed within the fifty days, or filed after the fifty day period without leave of the court. Seaboard Fire & Marine Insurance Co. v. Halbert, Tex.

Civ.App., 173 S.W.2d 180; Jaeger v. Cullen, Tex.Civ.App., 183 S.W.2d 584; Parrish v. Parrish, Tex.Civ.App., 214 S.W.2d 700. But the rule is otherwise where the Court of Civil Appeals has upon proper application extended the time for the filing of the record. Firquin v. Money, supra; Rincon Inv. Co. v. White, supra.

■ With reference to the authentication of the statement of facts, it will be borne in mind that it is not necessary for the trial judge to approve the statement of facts where it is agreed to by the parties. Rule 377. We are of the opinion that the letter attached to the statement of facts is sufficient to show that the attorneys for appellee have agreed to this statement of facts as being a full, true and correct statement of the facts in this case. There is no contention presented by the appellee at the present time, that the statement of facts as filed is not a full, true and correct statement of facts. If it were contended that the statement of facts was incomplete or incorrect it would be an easy matter to amend and correct the statement of facts under the provisions of Rules 428 and 429, T.R.C.P., but there is no such contention here made.

Appellee relies upon Jaeger v. Cullen, Tex.Civ.App., 183 S.W.2d 584, and Gerneth v. Galbraith-Foxworth Lbr. Co., 117 Tex. 205, 300 S.W. 17, 20.

In the Jaeger-Cullen case the court held that the clerk of that court properly refused to file the statement of facts tendered to him because it was not sufficiently authenticated and did not base its decision upon the fact that the statement of facts had not been filed in the trial court.

In the Gerneth-Galbraith case the Commission of Appeals of the Supreme Court, in answer to a certified question, held that the Court of Civil Appeals had jurisdiction to consider a statement of facts which had not legally been filed in the trial court. The Court said: "The question we are discussing is whether, under article 2245, the Court of Civil Appeals has the jurisdictional authority to consider the affidavits presented by the appellant in support of its claim that, notwithstanding the state-

ment of facts was not tendered for filing within the time prescribed by law, yet it is entitled to have the Court of Civil Appeals order the statement of facts filed in that court and considered in its disposition of the case. We think the Court of Civil Appeals has this authority. Heflin v. Eastern Ry. Co. of New Mexico et al., 106 Tex. 23, 155 S.W. 188. So we answer question No. 3 in the affirmative."

We are of the opinion that orderly and efficient handling of cases on appeal requires that when the Court of Civil Appeals has decided that good cause exists for the delayed filing of the record on appeal and, therefore, extends the time within which the record may be filed in the appellate court, such order should be enforced and it should not be defeated by the simple fact that the trial court will not permit, or has not permitted, the belated filing of the statement of facts in the trial court. Rule 386 states that when the time of filing the record in the appellate court has been enlarged by the Court of Civil Appeals it may permit the record to be filed upon such terms as it shall prescribe, and one of these terms may be that the statement of facts need not be filed in the trial court.

Appellee's motion to strike the statement of facts will be overruled.

SMITH, C. J., absent.