STATE v. LINCOLN et al.

(Court of Civil Appeals of Texas. Austin. May 8, 1912. Rehearing Denied June 5, 1912.)

1. APPEAL AND ERROR (§ 564*)—STATEMENT OF FACTS—TIME FOR FILING—EXTENSION.

If under Acts 29th Leg. (1st Ex. Sess.) c. 39, allowing 30 days after adjournment in which to file a statement of facts and providing that the trial court may further extend the time provided it does not delay its filing in the appellate court within the time prescribed by law, and Rev. St. 1895, art. 1015, requiring the appellant or plaintiff in error to file a transcript within 90 days after the appeal is perfected with the proviso that the court may permit the transcript to be thereafter filed, the Court of Civil Appeals has any power to extend the time within which a statement of facts may be filed in that court, it has no such power to extend the time within which it may be filed in the trial court nor to permit its filing in the appellate court where it has not been filed in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555, 2558, 2559; Dec. Dig. § 564.*]

2. APPEAL AND ERROR (§ 564*)—STATEMENT OF FACTS — FILING AFTER EXPIRATION OF TIME.

The clerk of the trial court has no authority to receive and file a statement of facts after the time for filing has expired, and where he did so the statement will be treated as unfiled on a motion in the Court of Civil Appeals to permit the filing of a statement of facts in that court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555, 2558, 2559; Dec. Dig. § 564.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action between the State and Amanda Lincoln and others. From the judgment, the State appeals. On motion to permit a statement of facts to be filed. Motion overruled.

J. P. Lightfoot, Atty. Gen., John L. Terrell, Jno. W. Brady, and E. B. Robertson, Asst. Attys. Gen., for the State. Geo. H. Breaker, Andrews, Ball & Streetman, Hunt, Meyer & Townes, Hutcheson, Campbell & Hutcheson, R. L. Whitehead, and Fisher, Sears & Campbell, all of Houston, and Geo. Powell, of San Antonio, for appellee.

KEY, C. J. This case was tried by the district court of Travis county and judgment rendered and notice of appeal given on the 14th day of December, 1911, and on the same day the court made an order allowing plaintiff 60 days after the final adjournment of the term within which to file the statement of facts and bills of exception. The court adjourned for the term on the 23d day of December, 1911, and on February 17, 1912, at a subsequent term, the court extended the time for filing said statement of facts and bills of exception 30 days beyond the time allowed by the order of December 14, 1911. This was the last order extending the time, and by its terms appellant had until March 23, 1912, to file in the court below a statement of facts and bills of exception. This was not done, and counsel for appellant on the 19th day of April, 1912, filed a motion requesting this court to permit a statement of facts to be filed. The appellees are numerous and are represented by several different law firms, and all of them except one have filed an answer to the motion denying that counsel for appellant had exercised due diligence in their efforts to get the statement of facts agreed to and filed in the court below within the time allowed by that court, and contesting the right to have the same filed in this court.

[1] We deem it unnecessary to pass upon the question of diligence because the request to file the statement of facts in this court must be refused for the reason and because it was not filed in time in the court below.

It was not agreed to by the parties until the 13th day of April, 1912, and was approved by the trial judge on the 16th day of that month. In agreeing to it appellees stated in writing that they did not consent to its being filed in any court and reserved the right to object to such filing, and in approving it the trial judge did not order it to be filed or otherwise indicate any intention to extend the time for filing it. The act of the Twenty-ninth Legislature (Acts of 1909, p. 376) regulating the making and filing of statements of facts in the trial court, and provides that the statement of facts shall not be copied in the transcript but "shall be sent up as a part of the record in the case on appeal." The same statute by its terms allows 30 days after the final adjournment of court in which to file a statement of facts and bills of exception, and it also provides that the trial court may further extend the time provided such extension does not delay "the filing of same, together with a transcript of the record in the appellate court within the time prescribed by law."

Article 1015 of the Revised Statutes requires an appellant or plaintiff in error to file the transcript in the Court of Civil Appeals within 90 days from the time the appeal is perfected, with the proviso "that for good cause the court may permit the transcript to be thereafter filed upon such terms as it may prescribe." No similar provision has been cited, and we know of none which in specific terms authorizes an appellate court to extend the time for filing the statement of facts in that court; but, if we should hold that the provision referred to in reference to extending the time for filing a transcript authorizes this court to extend the time within which a statement of facts may be here filed, we feel compelled to hold that it does not authorize this court to extend the time within which a statement of facts may be filed in the trial court, and we also hold that, unless a statement of facts has been filed in the latter court within the time prescribed by law, or allowed by order of that court, then there is no statute which authorizes this court to permit such statement of facts to be here filed. If the one under consideration had been filed in the court below before the expiration of the time granted by that court, a different question would be presented.

[2] It is true that the clerk of the court below received and filed this statement of facts on the 16th day of April, 1912, but under the law he had no authority for so doing, and we must dispose of the matter as though the statement of facts had never been filed in that court.

We have treated this matter as though the last order extending the time was valid; but as article 1015, R. S., requires the record to be filed in the appellate court within 90 days

after the appeal is perfected, and as the appeal in this case was perfected on the 14th day of December, 1911, it would seem that the trial court, although it attempted to do so, had no authority to extend the time for filing the statement of facts beyond the 15th day of March, 1912.

For the reason stated, the motion is overruled.