## GERNETH v. GALBRAITH-FOXWORTH LUMBER CO. (No. 11886.)

Court of Civil Appeals of Texas. Fort Worth. March 3, 1928.

On the Merits April 14, 1928.

1. **Appeal and error ⬅⇒655(3)—Statement of facts, not filed within statutory time, held properly stricken by appellate court for failure to show diligence (Rev. St. 1925, art. 2246.)**

Where statement of facts was not filed in district court within time prescribed by Rev. St. 1925, art. 2246, and motion to extend time for filing statement after first extension of time had been granted was made 79 days after court had adjourned and defendant did not consent to filing statement, Court of Civil Appeals did not err in striking statement of facts for failure to show diligence.

2. **Appeal and error ⬅⇒985—Trial court primarily has power to extend time for filing statement of facts, and conclusion will not be disturbed in absence of abuse.**

Trial court is primarily vested with power to grant extension for filing statement of facts

and other papers, and, unless it is shown that discretion has been abused, appellate court will not disturb trial court's conclusion.

### On the Merits.

3. **Appeal and error ⬅⇒733—Assignments of error to judgment as contrary to law and evidence and because of peremptory instruction held too general for consideration on appeal.**

Assignments of error that judgment is contrary to law and evidence, that instructed verdict for defendant was error because evidence was sufficient to warrant recovery by plaintiff and because court erred in peremptorily instructing jury for defendant, *held* too general to require consideration on appeal.

4. **Appeal and error ⬅⇒907(3)—Without statement of facts, evidence is presumed to sustain judgment and cannot be held, on appeal, to be insufficient to justify peremptory instruction.**

In absence of statement of fact, Court of Civil Appeals cannot say that evidence did not justify court's action in giving peremptory instruction for defendant, since, in absence of statement of facts, it must be presumed that evidence fully sustained judgment of court.

Appeal from District Court, Cooke County; Alvin C. Owsley, Judge.

Suit by D. C. Gerneth, by next friend, against the Galbraith-Foxworth Lumber Company. Judgment for defendant, plaintiff's motion for new trial was overruled, defendant's motion to strike out plaintiff's statement of fact was sustained in conformity to answers to certified questions in 300 S. W. 17, and plaintiff's appeal. Affirmed.

W. S. Moore, of Gainesville, and R. R. Bell and H. L. Stuart, both of Oklahoma City, Okl., for appellant.

Garnett & Garnett, of Gainesville, and Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellee.

BUCK, J. While this motion was pending on motion for rehearing, we certified to the Supreme Court the questions hereinafter set out:

"This cause originated in the district court of Cooke county, a court which may not by law continue more than 8 weeks. D. C. Gerneth, a minor, sued by his next friend, his father, Otto Gerneth, the Galbraith-Foxworth Lumber Company, for personal injuries alleged to have been sustained by the minor. Judgment was entered for defendant on an instructed verdict on January 20, 1927. Plaintiff's amended motion for new trial was filed February 25, and overruled the same day. The January term of the court began January 3, and ended February 26th. The appeal bond was filed in the district court March 14th. The transcript was filed in this court June 7th. The statement of facts was filed the same day. In the district court, on May 16th, 79 days after the court had adjourned, appellant filed his motion to extend the time for filing the statement of facts in the

trial court. The court had prior thereto allowed appellant 60 days in which to file the bills of exception and statement of facts. The motion to extend the time for filing the statement of facts was overruled, May 26, 1927, in the following order:

" 'And the court having heard said application and the defendant's contest thereof, the evidence, and the argument of counsel, and being fully advised in the premises, is of the opinion that said application should be denied, because good cause has not been shown why the same should be granted.'

"On May 30th, attorneys for appellee agreed to the statement of facts presented as a statement of the facts heard in the trial court, in the following words:

" 'In agreeing to this statement of facts, defendant does not consent to its being filed in any court, and specifically reserves the right to object to and oppose the filing of said statement of facts in any court, and to move to strike the same if filed, because the 80 days allowed for filing, under article 2246, R. S. of 1925, expired before same was presented to defendant's counsel on May 27, 1923, for examination and agreement, and the trial court refused to extend the time for filing because good cause was not shown by plaintiff entitling him to such extension, as shown by order entered in the trial court on May 26, 1927. This May 30, 1926.'

"The court, on May 31st, made the following approval:

" 'Approved as a statement of facts,' but refused to order it filed. It was filed in the district clerk's office June 2d, and in this court June 7, 1927. In this court appellee filed, on June 9th, a motion to strike the statement of facts from the files, which motion we granted, as shown by our opinion handed down July 9th. There was brought up no record of the evidence heard in the trial court on the motion to extend the time, either by a statement of facts or by bills of exception, and no evidence was offered here, by appellant or otherwise, and we held that the trial court was the primary tribunal, at least, to determine the sufficiency of the reasons urged for filing of a statement of facts after time, and in the absence of a statement of facts or a bill of exceptions showing the evidence, we are not authorized to overrule the trial court's action.

"At the same time, on June 18th, 112 days after the adjournment of the trial court, and 96 days subsequent to the filing of the appeal bond, appellant filed his motion to file his briefs. A copy of the briefs had not been filed in the trial court, nor was there any waiver shown. But on the authority of such cases as S. A. & A. P. Ry. Co. v. Holden, 93 Tex. 211, 54 S. W. 751, and Jackson v. H. E. & W. T. Ry. Co., 293 S. W. 865, by the Beaumont Court of Civil Appeals, and Speer v. Rushing, 178 S. W. 1012, by the Austin Court of Civil Appeals, we granted this motion, though appellee vigorously contested the motion.

"Appellant has filed a vigorous motion for rehearing on our order to strike the statement of facts from the files, and has attached to said motion several affidavits to the effect that the father, suing as next friend of the minor, is a poor man, making his living by daily labor, and that on account of weather conditions, he did not work regularly about the time of this judgment and for several months subsequent thereto, and that he secured the statement of facts as soon as he was able to make arrangements to pay for it, and promptly tendered it to the opposing counsel for agreement, and to the trial court for approval promptly thereafter. No excuse was offered for the failure to present this proof at the time the original motion was heard in this court.

"In considering this motion, we are not entirely agreed as to what our action should be. Appellee has filed a motion to strike from the motion the affidavits attached thereto, inasmuch as its counsel claim that we are not authorized to consider the same, when on hearing of the motion in the trial court evidence was heard and no record of that evidence is shown. Therefore, we deem it advisable to certify to your honors the following questions:

"(1) Did this court err in striking the statement of facts from its files?

"(2) Did this court err in permitting the briefs of appellant to be filed, under the circumstances shown?

"(3) May we, under the facts shown, and under article 2245, Rev. Civ. Statutes, consider the affidavits attached to appellant's motion for rehearing, which, in the main, are concerning matters which were known to appellant and his attorneys at the time the trial court heard the motion to extend the time for the filing of the statement of facts?

"(4) May an appellate court permit a statement of facts to be filed which has not first been lawfully filed in the trial court? If so, when? The cases of Bank v. Bland (Tex. Civ. App.) 291 S. W. 657, State v. Lincoln (Tex. Civ. App.) 147 S. W. 1195, Magee v. Magee (Tex. Civ. App.) 272 S. W. 252, and Ziegler v. Hunt (Tex. Com. App.) 280 S. W. 546, seem to be pertinent to this question."

In answer to the first question propounded, the Supreme Court held that, if the Court of Civil Appeals intended to hold as a matter of law that it had no jurisdiction to pass upon the question, this court erred; but if we concluded as a fact that the appellant tendering the statement of facts to the clerk for filing had not shown to the satisfaction of this court due diligence to have the statement of facts filed within the time prescribed by law for filing the same, and that his failure to file the same within said time was due to the fault of himself or his attorney, and was not the result of causes beyond his control, then the Court of Civil Appeals did not err in striking the statement of facts from the record, citing Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324. The Supreme Court further held that the statement of facts under discussion has all the requisites of such a document, including the agreement of the parties and the approval of the trial judge; that while the document is an approved statement of facts proved upon the trial of the case, duly authenticated by the signature of the trial judge as well as the agreement of the parties, and while it has the file mark of the clerk, yet the date when this file mark was placed upon it was not within the time prescribed by law.

The Supreme Court further held that while

the statement of facts was filed by the district clerk, this action of the clerk was without the authority of the trial judge ordering it to be filed, and that the filing by the clerk on the date it was filed was after the time expired within which the statement of facts could have been legally filed without such an order from the trial judge. So the action of the clerk was a nullity. The court further held that article 2245, Rev. Civ. Statutes of 1925, authorizes the Courts of Civil Appeals in a proper case to order filed in that court a statement of facts which has been tendered for filing at a time and under such circumstances as meets the conditions prescribed by said article of the statutes, where the document has been approved as a statement of facts by the trial judge following an agreement of the parties that the same constitutes a true statement of facts, and where, as in this case, the trial court has lost jurisdiction of the case by reason of a previous filing of an appeal bond. The court cites the case of Stewart v. Moore, 291 S. W. 891, by the Commission of Appeals, where it is said:

"It is apparent from the record in this cause that the plaintiffs in error filed their appeal bond, duly approved, within the time prescribed by law. This admitted fact divested the county court of Tarrant county of all jurisdiction over the case."

The answers to the certificate further state that the Court of Civil Appeals has authority to consider the affidavits presented by appellant in support of its claim that, notwithstanding the statement of facts was not tendered for filing within the time prescribed by law, yet the appellant is entitled to have the Court of Civil Appeals order the statement of facts filed in that court and considered in its disposition of the case. Heflin v. E. Ry. Co. of New Mexico, 106 Tex. 23, 155 S. W. 188. The answers to the certificate disclaimed any intention to express an opinion as to the sufficiency of the facts stated in the affidavit to justify the Court of Civil Appeals in ordering the filing and in considering the statement of facts. Having answered question No. 3 in the affirmative, the answers to the certificate state that it necessarily follows that the first part of question No. 4 must also be answered in the affirmative. The Supreme Court declined to answer the second paragraph of said question for the reason that it does not present a concrete question of law. The Supreme Court further held that we did not err in permitting the briefs of appellant to be filed under the circumstances shown, citing San Antonio & A. P. Ry. Co. v. Holden, 93 Tex. 211, 54 S. W. 751, Speer v. Rushing (Tex. Civ. App.) 178 S. W. 1012, and the authorities there cited.

[1, 2] Considering the question anew, and in the light of the answers to the certified questions, we conclude: That we did not err in striking the statement of facts from the record. That, as stated in our original opinion, the trial court is primarily, at least, vested with the power to grant an extension for filing a statement of facts and other documents and papers, and, unless it is shown that the discretion vested in him has been abused, the appellate court will not disturb his conclusion.

The motion for rehearing is overruled.

## On the Merits.

CONNER, C. J. This suit was instituted on the 9th day of April, 1926, by Otto Gerneth, as next friend for D. C. Gerneth, a minor, against the Galbraith-Foxworth Lumber Company, to recover damages. It was alleged, in substance, that the defendant maintained a lumber yard in the residential section of the city of Gainesville near the residence of Otto Gerneth, and maintained therein a dangerous mechanism in the way of an elevator; that the yard was open and inviting and attractive for children to enter and play; and that the minor plaintiff, about 4 years old, with a companion slightly older, entered said place, was attracted to and got on said elevator, and was injured. It was alleged that the defendant was negligent in so keeping and maintaining said elevator, and that said negligence was the proximate cause of the injuries of the minor plaintiff. Damages were prayed for in the sum of $15,000.

The defendant answered by a general demurrer, a general denial, and a special answer that the minor plaintiff was a trespasser at the time of his injury, to which the plaintiff replied that, because of his tender years, the minor could not be a trespasser.

The case was tried before the court and a jury, and at the close of all the evidence the defendant presented a motion to instruct the jury to return a verdict for it. The court granted the motion, so charged the jury, and a judgment was accordingly entered that the plaintiffs take nothing by this suit and that the defendant go hence and recover his costs.

In due time, plaintiff filed a motion for a new trial, which was overruled, and the plaintiff has duly prosecuted this appeal. Among other motions not necessary to mention, but which have been acted upon and determined by us, was one by appellee to strike out the statement of facts. In substance, this motion was based upon the contention that the statement of facts had been filed in the district court after the time for which such filing was limited, without the consent of the trial judge. The statement is in due form, agreed to by both parties, and approved by the trial judge. But the record discloses that in the trial court there had been a motion to permit its filing, but that the motion, after a hearing of the evidence submitted, was overruled by the trial judge, and that the evi-

dence heard by him upon the hearing of the motion has not been brought forward in the record before us. As may be seen from the opinion written by Mr. Justice BUCK, we, on July 9, 1927, sustained the motion to strike out the statement of facts, on the theory, in part at least, that in the absence of the evidence heard by the trial judge, we were unable to say that he had abused his discretion in refusing to permit appellants to file the statement of facts in the trial court as then prayed for. Later, appellant filed a number of affidavits tending to explain the failure on the part of appellant's counsel to secure the filing of the statement of facts in due time, all of which appellee sought, by motion, to have stricken from the record, but which motion we overruled. After various other motions ruled upon by this court, not necessary to mention, appellants presented a motion for rehearing upon our order striking out the statement of facts.

Some differences of opinion having arisen in the minds of the members of this court upon the questions presented, we, on October 1, 1927, certified the questions to the Supreme Court for decision.

The Supreme Court, as may be seen from its opinion, handed down on the 30th day of November, 1927 (300 S. W. 17), ruled, among other things, that:

"If the Court of Civil Appeals struck the statement of facts from the files upon the ground that that court did not have any jurisdiction to pass upon the question, then the Court of Civil Appeals erred in so doing. Upon the other hand, if the Court of Civil Appeals concluded as a fact that the appellant tendering the statement of facts to the clerk for filing had not shown to the satisfaction of the Court of Civil Appeals due diligence to have the statement of facts filed within the time prescribed by law for filing the same, and that his failure to file the same within said time was due to the fault of himself or his attorney and was not the result of causes beyond his control, then the Court of Civil Appeals did not err in striking the statement of facts."

The Supreme Court having held, as indicated, that this court alone was clothed with jurisdiction to determine, as an issue of fact, whether the evidence presented by appellant's affidavits showed a sufficient excuse for appellant's failure to have the statement of facts filed in the district court within the time prescribed by law, we carefully considered such affidavits and facts therein presented, and concluded, as will fully appear by an opinion written by Associate Justice BUCK, on the 3d day of March, 1928, that sufficient diligence was not shown for such failure to file, and we consequently overruled appellant's motion for a rehearing of our former order to strike out the statement of facts, so that we now have the case before us for determination on the merits in the absence of a statement of facts, the case having

been set down for a hearing on the 31st day of March, 1928.

The record discloses that in the trial below, upon the conclusion of the evidence, the court gave to the jury specially requested instructions to find for the defendant. Alleged error in so doing constitutes the ground upon which appellants base their contention that the judgment below should be reversed. Appellant's assignments of error upon which the contention is predicated are as follows:

"(1) The verdict and judgment is contrary to the law and evidence.

"(2) Because the court erred in granting the motion of the defendant for an instructed verdict in its favor, the same being presented and granted by the court after all the evidence had been introduced both by the plaintiff and the defendant and both sides had rested, because there was sufficient evidence before the jury to warrant a recovery in favor of the plaintiff herein.

"(3) Because the court erred in peremptorily instructing the jury, on the motion of the defendant at the close of all the evidence, to return a verdict in its favor."

It seems evident that appellee's objections to the consideration of the first and third assignments are well taken, see rule No. 26 for the government of this court; Thompson v. Smith (Tex. Com. App.) 248 S. W. 1070; Earle v. Blankenbecker (Tex. Civ. App.) 297 S. W. 231, and appellee's objection to the second assignment seems supported by the cases of Liner v. J. B. Watkins Land Mortgage Co., 29 Tex. Civ. App. 187, 68 S. W. 311, and Holt v. Uvalde Co. (Tex. Civ. App.) 258 S. W. 285. In the case first cited it was held that an assignment of error, stating that "the court erred in directing the jury peremptorily to find for plaintiff, because the evidence supports the several defenses pleaded by defendant," was too general to require consideration. The case in Holt v. Uvalde Co. (Tex. Civ. App.) 258 S. W. 285, is one holding, among other things, that an assignment which reads, "The matters pleaded in defense were sufficient to defeat plaintiff's cause of action, and the evidence offered in support of and tending to support same, being also sufficient, the court should not have peremptorily instructed the jury," was too general to require consideration on appeal.

[3, 4] We therefore feel that we must hold that appellant's assignments of error are too general to require consideration, but if by any process of reasoning it can be said that, under the rule of the decisions, we are in error in concluding that the assignments do not require consideration, it is evident from the assignments that, in the absence of a statement of facts, we cannot say that the evidence did not justify the court's action in giving the peremptory instruction to find for appellee. In support of the proposition we think it unnecessary to cite authority inas-

much as it has been so frequently determined that in the absence of any statement of facts, bills of exception, or findings of fact, and none of these things appear in the record, it must be presumed that the evidence fully sustained the judgment of the court.

No fundamental error appearing, we conclude that the judgment must be affirmed.