## NATIONAL CASH REGISTER CO. v. GOULD.

### No. 3981.

Court of Civil Appeals of Texas. Texarkana. March 5, 1931.

T. B. Ramey, Jr., and Truman Warren, both of Tyler, for plaintiff in error.

E. A. Landman, of Athens, for defendant in error.

SELLERS, J.

Appellant instituted this suit against appellee in the county court of Henderson county, Tex., on January 30, 1928. Suit was predicated upon a written instrument signed,

"Fields & Gould by F. L. Gould"; F. L. Gould being the appellee herein. Such instrument provided for delivery by appellant of one cash register and the payment by appellee of the sum of $260. Appellee by his answer admitted the signature, and raised two issues: Was appellee member of the partnership of Fields & Gould at the time he signed such instrument, and, if not, was he nevertheless liable on such instrument?

A trial was had before the Honorable A. B. Coker of Henderson county without the intervention of a jury on April 26, 1929. At the completion of the testimony of appellant, appellee moved the court to enter judgment for appellee, which said motion the judge sustained and entered judgment for appellee. The appellant excepted to this judgment, and has duly prosecuted his appeal by writ of error to this court for review.

Request for conclusions of law and findings of fact was filed with the county clerk of Henderson county, Tex., on June 12, 1929. A. B. Coker, county judge of Henderson county, Tex., sitting as judge in this case, filed his conclusions of law and findings of fact with the county clerk on July 11, 1929. The term of county court at which said cause was tried adjourned and ended on June 30, 1929.

It appears from the above facts that the trial court failed to file findings of fact and conclusions of law within ten days after the adjournment of the term of court at which judgment was entered, and the appellant assigns such failure on the part of the court as error.

We do not think that appellant's assignment in this case should be sustained, and, without discussion of the question, we deem it sufficient to quote from the very recent case of Hewitt v. Green (Tex. Civ. App.) 28 S.W.(2d) 892, 893, as follows: "However, as there is a full statement of facts with the record, duly approved and agreed to by counsel for both parties, we do not think the failure of the trial court to file findings of fact and conclusions of law within the ten days as provided by law should require a reversal of this case. Especially is this true in view of the fact that no bill of exception was taken by plaintiff to the failure of the trial court to file the findings and conclusions of law in proper time. The delay of the trial court may have been caused or contributed to by some act or omission of plaintiff. An appellate court will not reverse the judgment of a trial court for the failure of a trial court to comply with a rule of procedure which might be excused or explained by the judge, unless the judge has been given the opportunity to explain, and the only correct method of obtaining such explanation is by bill of exception, and plaintiff, having taken no bill of exception, is not entitled to a reversal of the judgment for the failure of the judge to file the conclusions in proper time. Bray v. Peters et ux. (Tex. Civ. App.) 283 S. W. 591 (writ refused)."

We have carefully considered the agreed statement of facts, and reached the conclusion that the same amply supports the judgment entered by the trial court.

The judgment is affirmed.