## WATTS v. HARTFORD ACCIDENT & INDEMNITY CO.

### No. 2020.

Court of Civil Appeals of Texas. Eastland.

May 17, 1940.

Scarborough & Ely, of Abilene, for appellant.

Blanton & Blanton, of Abilene, for appellee.

LESLIE, Chief Justice.

This workman's compensation case by Nathan Watts reached the district court, where a trial resulted in a judgment adverse to him and in favor of Hartford Accident & Indemnity Company. He appeals.

Watts requested the trial court to file findings of fact and conclusions of law. His contentions seem to be (a) the "court failed to file findings of fact and conclusions of law" (second proposition), and (b) that the findings of fact and conclusions of law which were filed, were filed "after the expiration of the court's term, and the order signed by the trial court accompanying same was signed after the minutes of the court had been signed when the regular term of court had expired" (First proposition). In the statement of the first proposition appellant "requests the court to refuse to consider the supplemental transcript, for the reason that the same contains findings of fact and conclusions of law which were filed after the expiration of the court's term * * *", etc. There is no statement of facts in the record.

Article 2247, R.S.1925, reads: "When demand is made therefor, the Judge of a District or County Court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the Court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the Judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification."

The judgment appealed from was rendered and entered May 26, 1939. Transcript on appeal was due to be filed in this court by July 25, 1939. Art. 1839, R.S. 1925, Vernon's Ann.Civ.St. Art. 1839. Un-

der the quoted statute it was not necessary that the findings of fact and conclusions of law be filed in the trial court until "thirty days before the time for filing transcript" in the court of civil appeals. Neither was it necessary that the findings be filed within the term of court at which the judgment was rendered. Thirty days before the time for filing the transcript in this court is the first period within which to file the same, and in the event the judge omitted to do so, five additional days were given in which to call the omission to his attention. After his attention is so directed the period for due preparation and filing of the findings is "automatically extended for five days after such notification."

In the instant case the findings and conclusions should have been filed not later than June 24, 1939, to be within the thirty day period "before the time for filing transcript" on appeal. Ordinarily the transcript should have been filed not later than July 25, 1939, or sixty days after the entry of the judgment on May 26, 1939. The findings, etc., were filed below on June 26, 1939, two days later, or twenty-eight days "before the time for filing transcript." They were brought before this court in a supplemental transcript filed July 14, 1939, whereas the original transcript was filed here June 24, 1939. The time for filing any transcript at all could have been delayed until July 25, 1939.

In this state of the record, obviously there is no merit in the contention that the trial court *failed* to file findings of fact and conclusions of law. Neither did the trial court commit any error in failing to file the findings *within the term of court* at which the judgment was rendered. That disposes of the precise points made by the appellant.

However, if the trial court, with or without reason, had refused to make and file findings of fact and conclusions of law in response to the first request therefor, no error would have been shown had the appellant failed in writing and within the five day period to call the omission to the attention of the judge. Further, such notification, if any, would have automatically extended the time in which the judge had another opportunity to comply with the request, and no error would have occurred simply because the judge had pursued that course. In the instant case, the record discloses that without any complaint at all on the part of the appellant, and without having his attention called to his omission to make and file the findings, and without consuming any additional time allowed by the statute for making the same after notice, the judge did, in fact, file findings, etc., June 26, 1939. We are of the opinion that this slight delay under the circumstances was immaterial and without prejudicial effect. There is no reasonable doubt of its harmless effect. Bell v. Blackwell, Tex. Com.App., 283 S.W. 765, 767.

This is especially true in view of the sole contentions made and above set out.

For the reason assigned the judgment of the trial court is affirmed.