## SEABOARD FIRE & MARINE INS. CO. v. HALBERT et al.

### No. 4269.

Court of Civil Appeals of Texas.
El Paso.

April 22, 1943.

Rehearing Denied June 3, 1943.

Geo. O. Wilson and Yale B. Griffis, Thompson, Knight, Harris, Wright & Weisberg and William H. Neary, all of Dallas, for appellant.

D. L. Whitehurst, Clark, White & Rogers, and Russell V. Rogers, Jr., all of Dallas, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the district courts exercising jurisdiction in Dallas County. The judgment was entered in a suit wherein Daisy Davis and Ed Halbert were plaintiffs, and Seaboard Fire & Marine Insurance Company, First Federal Savings & Loan Association and numerous others were defendants. Plaintiffs sued on a fire insurance policy issued by the defendant Seaboard Fire & Marine Insurance Company, with the loss payable clause to First Federal Savings & Loan Association, as mortgagee. The trial was before the court with a jury, but at the close of the evidence the court withdrew the case from the jury and entered a judgment in favor of plaintiff Halbert against defendant Seaboard Fire & Marine Insurance Company in the sum of $2,000, with interest. By the terms of the judgment this recovery inured to the benefit of the First Federal Savings & Loan Association, and was to be paid to it on an indebtedness held by it against plaintiff Halbert.

This was a rather complicated proceeding, and the judgment disposed of other issues between other parties, but involved in this appeal is only the judgment of $2,-000 against the named Insurance Company.

For convenience, plaintiff Halbert will hereinafter be referred to as "Halbert," Seaboard Fire & Marine Insurance Company as "Seaboard."

Seaboard has perfected this appeal. Its appeal bond is payable to Halbert and First Federal Savings & Loan Association.

This case was transferred to this court from the Dallas Court of Civil Appeals. Prior to its transfer that court sustained a motion of Halbert filed in that court on May 7, 1942, to strike out the statement of facts. Appellant Seaboard filed in that court a motion for a rehearing. On this motion the Dallas Court ordered that the motion be passed without prejudice to be considered on submission of the case on the merits. While this motion for rehearing was pending and undisposed of, this case was transferred to this court.

Halbert's ground for striking the statement of facts was that it was not filed in the trial court within fifty days of the overruling of the motion for new trial, and the trial court had not extended the time of filing.

Grounds stated in the motion to strike are borne out by the transcript. The mo-

tion for a new trial was overruled on February 26, 1942. The parties agreed to the statement of facts on April 20, 1942, and same was endorsed as filed by the clerk of the trial court on that date. On the same date it was filed in the Dallas Court of Civil Appeals. In his agreement to the statement of facts, Halbert specified that he did not waive time of filing. This statement of facts was not submitted to the trial judge for approval. No order was made by the trial judge extending the time for the filing of the statement of facts, and, further, no order was made directing the filing. The attempted filing in the trial court and the filing in the Court of Civil Appeals was within sixty days of the overruling of the motion for a new trial, hence the filing of the transcript in the appellate court was not delayed.

Seaboard in its motion for rehearing contends that under Rule 386 it had the right to file the statement of facts in the trial court or appellate court regardless of its failure to obtain an order of the trial court extending the time of filing there beyond the fifty days allowed by law.

Rule 381, T.R.C.P., requires the filing in the trial court within fifty days from the date of overruling the motion for a new trial, gives the trial court or judge discretion to extend the time, on the showing by appellant of good cause, for a period that does not delay the filing of the transcript in the Court of Civil Appeals.

Rule 386, T.R.C.P., fixes the time for filing of the transcript and statement of facts at sixty days from the date of the overruling of the motion for a new trial or finality of the judgment; provides further that under the condition named in the rule for good cause, the Court of Civil Appeals may extend the time for filing.

It is thought, where an appellant obtains an extension of time from the Court of Civil Appeals under this rule, a filing in the trial court during the period of extension would satisfy the requirements of Rule 381. This is not the case before us.

Also it is thought that if an approval of the statement of facts is obtained from the trial judge during the sixty-day period, but after the expiration of the fifty days, that same may be filed in the trial court during the sixty-day period. This is not the case before us.

Here, appellant has entirely ignored Rule 381, presenting no good excuse below— presenting none here.

Before the new rules of civil procedure went into effect, the time for filing the statement of facts in the trial court was governed by Art. 2246, R.C.S.1925, Vernon's Ann.Civ.St. art. 2246. For all practical purposes, Rule 381 is identical with that article.

In the case of Gerneth v. Galbraith-Foxworth Lbr. Co., 117 Tex. 205, 300 S.W. 17, it is held that the filing of the statement of facts by the clerk after fifty days without the order of the trial court was a nullity. It is true that it was held that under Art. 2245, then in effect, that on good cause shown the Court of Civil Appeals should permit the belated filing of the statement of facts. If the Court of Civil Appeals had the authority to permit the filing of the statement of facts, of course, if it was ordered filed, the duty followed to consider same.

In Oliphant v. Buie, Tex.Civ.App., 134 S.W.2d 751 (writ dismissed), it is held that Art. 2245 was in conflict with the amendment of 1931 to Art. 2246, and was repealed by implication. Art. 2245 is listed by the Supreme Court as repealed by the adoption of the new rules.

If a belated filing of the statement of facts without the authorization of the trial court is a nullity, the statement of facts stands as though it were not filed in the trial court.

■ Where a statement of facts has never been filed in the trial court it will not be considered, but will be stricken out or disregarded by the appellate court on motion of a party, or on its own motion. 3 Tex.Jur. p. 634, § 445; Bowie v. Lumbermen's Reciprocal Ass'n, Tex.Civ.App., 288 S.W. 279; Ziegler v. Hunt, Tex.Com.App., 280 S.W. 546; Belt v. Cetti, 53 Tex.Civ. App. 102, 118 S.W. 241; International & G. N. Ry. Co. v. Reek, Tex.Civ.App., 179 S.W. 699 (writ refused).

■ We feel sure that the Dallas Court struck this statement of facts with great reluctance. If that court had deemed there was a substantial doubt as to correctness of its action, no doubt the appellant would have been accorded the benefit of that doubt. If here we thought there was substantial doubt as to the correctness of the action of the Dallas Court, without hesitation we would give the appellant the benefit thereof. It is our conviction there is no discretion in the matter.

In agreeing to the statement of facts Halbert reserved his right to object to the

filing thereof because same was not tendered for filing in time. No excuse for the belated filing was offered in the trial court,—no excuse is offered here. In our opinion, at the very time Halbert made his reservation in agreeing to the statement of facts, there was still time for an appeal to the discretion of the trial judge to authorize the filing of the statement of facts in the trial court. This it elected not to do.

It is ordered that the motion for rehearing be overruled, and that the statement of facts likewise be stricken from the records of this court.

Each of the seven points of error urged by appellant for reversal depends on the evidence. Without a statement of facts, error is not shown. Under the presumption of the correctness of the action of the trial court, the case must be in all things affirmed. 3 Tex.Jur. p. 538, § 378.

It is ordered the case be affirmed.

WALTHALL, J., not participating.