## PARRISH v. PARRISH.
### No. 5892.

Court of Civil Appeals of Texas. Amarillo.
Sept. 27, 1948.

Weinberg & Weinberg, of Dallas, for appellant.

Griffin & Morehead, of Plainview, for appellee.

LUMPKIN, Justice.

The appellee, Claude W. Parrish, filed this suit for divorce against his wife, Dorothy Parrish, the appellant. In his petition the husband asked for a division of community property and custody of his minor daughter, Dorothy Louise Parrish. The wife filed an answer and cross action in which she denied appellee's allegations. She prayed for a divorce, custody of the minor child, child support, attorney's fees, and a division of community property. Each party alleged cruel treatment as grounds for divorce.

Following a trial before the court without the intervention of a jury, the court rendered judgment which granted the appellee a divorce from the appellant and partitioned and divided the community property of the parties. The appellant was granted custody of the minor child and child support. To this action of the court the appellant duly excepted and gave notice of appeal.

The trial court's judgment was rendered February 12, 1948, and entered four days later. On April 14, 1948, the transcript was filed in this court, and on the same day the statement of facts was purportedly filed in the District Court of Hale County. The following day the statement of facts was filed here, fifty-nine days after the judgment was entered in the trial court.

On April 26, 1948, the appellant filed in this court a motion to condone the late filing of the statement of facts in the district court, and on May 17, 1948, appellant's motion was overruled. On September 13, 1948, under agreement of counsel and on a motion properly presented, appellee's brief, moving the court to dismiss the appeal, was filed; and on September 21 1948, the appellant filed a motion for leave to file a supplemental brief in support of her motion to condone the late filing of the statement of facts and in answer to appellee's motion to dismiss the appeal.

■ Appellant's last motion is now before this court for disposition.

Rule 381, Texas Rules of Civil Procedure, states that the party appealing shall have fifty days after the rendition of final judgment within which to prepare and file in the trial court the statement of facts and bills of exception, and it gives the judge of the court discretion to extend the time for good cause shown for a period that does not delay the filing of the statement of facts beyond the time for filing in the court of civil appeals. Rule 386 provides that the transcript and statement of facts must be filed with the clerk of the court of civil appeals within sixty days after the rendi-

tion of final judgment; provided, however, that upon a showing of good cause the court of civil appeals may extend the time for filing.

In the case of Seaboard Fire & Marine Ins. Co. v. Halbert et al., Tex.Civ.App., 173 S.W.2d 180, the statement of facts was filed in the trial court fifty-two days after the motion for a new trial was overruled. The statement of facts had not been sub-. mitted to the trial court for approval, nor was an order made by the trial judge extending the time for filing the statement of facts, nor was an order made directing the filing. On the same day the statement of facts was filed in the Dallas Court of Civil Appeals, and on the same day the statement of facts was agreed to by the appellee who specified in his agreement that he did not waive the time for filing. The appellate court held that since no excuse for late filing was offered in either the trial court or the appellate court, and since the appellee had not agreed to the late filing in the trial court, that the appellant had not complied with Rule 381.

In Mossler Acceptance Co. v. Burwell et al., Tex.Civ.App., 205 S.W.2d 622, the appellant filed the statement of facts in the Galveston Court of Civil Appeals fifty-four days after the trial court had overruled a motion for a new trial. Some days later the appellate court refused appellant's motion to file the statement of facts with the district clerk of Harris County. The court held that since the statement of facts had not been filed in the trial court, it would not be considered by the appellate court.

According to the record before us, no motion was presented to the trial judge to extend the time for filing the statement of facts in the district court, nor does the record show that the trial judge did extend the time for filing, nor does the purported statement of facts bear the file mark of the District Clerk of Hale County. The reporter's certificate was executed forty-seven days after judgment was rendered, and although the appellee's counsel agreed to the correctness of the statement of facts and agreed to its filing, there is nothing to show that such agreement was not signed prior to the expiration of the fifty days, or that the appellee waived the fifty day rule for filing.

In our opinion the appellant has not complied with Rule 381, and for that reason we overrule her motion for leave to file a supplemental brief in support of her motion to condone the late filing of the statement of facts.

Under the authorities cited, since the statement of facts pertaining to this case has not been filed in the district court, it cannot be considered by this court. In the absence of the statement of facts it will be presumed that the trial court found the facts to be such as would support the judgment rendered. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363.

We have carefully reviewed the record in this case. For reasons given the appellee's motion is granted and the appellant's appeal is dismissed.