**PUNCH et al. v. GERLACH et al.**

**No. 4901.**

Court of Civil Appeals of Texas. Beaumont.

June 18, 1953.

Rehearing Denied July 8, 1953.

James E. Faulkner, Cold Springs, for appellants.

Campbell & Foreman, Livingston, Vinson, Elkins & Weems, Houston, Cam Hightower, Liberty, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in a trespass to try title suit in the district court of San Jacinto County. The appellants, Charlie Punch et al., were plaintiffs in the trial court, and appellees, A. E. Gerlach et al., were the defendants. At the close of all the testimony, both parties filed motions for instructed verdict. The trial judge overruled the motion of appellants and granted that of the appellees. On the instructed verdict, judgment was rendered that the appellants take nothing by their suit against appellees. Appellants perfected their appeal by filing transcript of proceedings. The statement of facts filed in this court was never filed in the trial court. Rule 381(a), Texas Rules of Civil Procedure, provides that a party appealing from a judgment in the district court shall have fifty days after rendition of final judgment within which to file his statement of facts in the trial court. This rule for all practical purposes is the same as the old statute. It is a well settled rule that failure to file the statement of facts in the trial court is fatal to its validity and vitality. The reviewing court on its own motion will strike such an unfiled statement of facts, and it will not be considered. McKenzie v. Beason, Tex.Civ.App., 140 S.W. 246; Missouri, K. & T. Railroad Co. v. Waggoner, 102 Tex. 260, 115 S.W. 1172; International & G. N. Ry. Co. v. Reek, Tex.Civ.App., 179 S.W. 699, error refused; Bowie v. Lumberman's Rec. Ass'n, Tex.Civ.App., 288 S. W. 279; Parrish v. Parrish, Tex.Civ.App., 214 S.W.2d 700; Mossler Acceptance Co. v. Burwell, Tex.Civ.App., 205 S.W.2d 622.

Judgment was rendered in the trial court December 9, 1952, appeal bond was filed December 20, 1952. The last day for filing statement of facts in the trial court was January 28, 1953, unless the time was extended. The record shows no extension of time and no request for extension of time. The statement of facts was filed in this court February 3, 1953, at which time appellants might have shown good cause, if any, and requested the trial court to grant an extension of time for filing in the trial court, or they might have, on a proper motion and showing, have secured from this court an extension of time. No such action was taken, and the instrument was never filed in the trial court, nor was any reason or excuse given to either court for such failure to file.

■ We note that all of appellants' ten Points of Error depend for their effectiveness upon the existence of some facts, for the evidence of which we are referred in the points to certain pages of exhibits of the purported statement of facts. The unfiled statement of facts will not be considered, and therefore the points present no error. There are no facts lawfully before us to substantiate the points brought by appellants. International & G. N. Ry. Co. v. Reek, supra; Bowie v. Lumberman's Rec. Ass'n, supra.

Appellants' first point is as follows:

"The trial court erred in overruling plaintiffs' timely motion for an instructed verdict and in granting defendants' motion for same and in rendering judgment for defendants and in not rendering judgment for plaintiffs, because all the undisputed competent evidence established as a matter of law that whatever interest, if any, the appellee Gerlach (and of necessity his grantee Taylor) may have obtained from the Punches by the instrument of May 10th, 1928, and recorded in Volume 21, Page 272, Deed Records of San Jacinto County, Texas, (St.F. pp. 12 to 15) was released, relinquished and quitclaimed back into the Punches by the instrument of June 11th, 1928, recorded in Volume 21, Page 421, Deed Records of San Jacinto County, Texas, St.F. pp. 24 and 25, to which rulings plaintiffs duly and timely objected, excepted in open court and gave notice of their appeal therefrom, Tr. pp. 27, 28."

The other nine points all relate to and complain of the trial court's action in ruling on the admissibility of evidence and refer to the Statement of Facts to substantiate the complaints.

Since the appellants' points present no error, the judgment of the trial court must be affirmed.

On Motion For Rehearing

Appellants' motion for rehearing presents argument and authorities to the effect that failure to file the statement of facts in the trial court was a mere informality and was waived by appellees, under Rule 404, T.R.C.P. Vela v. Southland Life Ins. Co., Tex. Civ.App., 212 S.W.2d 210, 218, is cited as the latest authority on this question. We note that in that case, the filing in the trial court later than fifty days after judgment was what the court held to be waived. The statement of facts was filed in the trial court, but filed late.

We find no authority holding that breach of the requirement in Rule 381, T.R.C.P., that the statement of facts be filed in the trial court, is a mere informality of the record which can be waived. Counsel in his brief would have the opinion in Vela v. Southland Life Ins. Co., supra, hold that "failure to file" was waived, but the opinion holds that what was waived was "failure to file" in "fifty days". Likewise, in his brief in support of his motion for rehearing, counsel states that in Quijano v. Howard, Tex.Civ.App., 237 S.W. 319, (writ dismissed Tex.Com.App., 249 S.W. 188) it is held on a motion to strike a statement of facts "because the same was not filed in the trial court" that this was such an informality as could be and was waived. This statement is erroneous. The holding in Quijano v. Howard, supra, is that the motion to strike the statement of facts because a *copy* was not filed in the trial court was overruled, and that the filing of such *copy* was an informality which was waived.

We have found no authority in support of appellants' contention. The motion for rehearing is overruled.