**PEYTON et al. v. ELLIOTT et ux.**

No. 3135.

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1953.

McCord, Durant & Witts, Dallas, for appellants.

Bradley & Geren, Groesbeck, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment favorable to Appellees, who were Plaintiffs in a trespass to try title case, which judgment adjudicated title to plaintiffs to certain residential property in the City of Maxia, Texas; and in addition awarded them $750 as damages. Trial was before the Court without a jury. Defendants (Appellants) filed Motion for New Trial, which was, after hearing by the Trial Court on 20 May, 1953, overruled. Appellants gave notice of appeal to this court and thereafter perfected same by filing in this Court on 4 July 1953 a Transcript of the proceedings. The Statement of Facts was likewise filed in this court on *4 July 1953, but same was never filed in the Trial Court and was never approved by counsel for Plaintiffs or by the Trial Judge.*

Appellees filed a motion to have the Statement of Facts stricken from the record because: 1) Same was never approved by them or by the Trial Judge; 2) Same was never filed in the Trial Court; 3) No extension of time for filing was ever obtained from either the Trial Court or this Court.

Rule 381(a), Texas Rules of Civil Procedure provides that a party appealing from a judgment in a District Court shall have 50 days after rendition of final judgment to file his Statement of Facts in the Trial Court. This rule is substantially the same as the old statute.

Rule 377, T.R.C.P. requires that the Statement of Facts be either agreed to by the parties, or else approved by the Trial Judge.

It is well settled that failure to file a Statement of Facts in the Trial Court is fatal to its validity and vitality (unless an extension of time be granted by the appellate court, in which event the appellate court acquires the power to fix conditions under which the record will be permitted to be filed). The reviewing court, on motion of a party—or upon its own motion—will strike such an unfiled Statement of Facts, and it will not be considered. Punch v. Gerlach, Tex.Civ.App., 260 S.W.2d 240; McKay v. Kelly, Tex.Civ.App., 225 S.W. 2d 992; Parrish v. Parrish, Tex.Civ.App., 214 S.W.2d 700; Mossler Acceptance Co.

v. Burwell, Tex.Civ.App., 205 S.W.2d 622; Seaboard Fire & Marine Ins. Co. v. Halbert, Tex.Civ.App., 173 S.W.2d 180.

In the case at bar, judgment overruling Motion for New Trial was rendered on *20 May 1953*. The last day for filing the Statement of Facts in the Trial Court was *9 July 1953. It has never been filed in the Trial Court,* nor has it been agreed to by the attorneys for Appellees or approved by the Trial Judge. The record shows no extension of time and no request for same. The Statement of Facts was filed in this court on 4 July 1953, at which time Appellants might have filed a request for, and on proper showing secured an extension of time. No such action was taken.

■ Applying the rules of law announced to the case at bar, Appellees' Motion to Strike the Statement of Facts must be and is hereby granted; the Statement of Facts is ordered stricken; and therefore cannot be considered.

■ Appellants' 1st Point complains of the action of the Trial Court in proceeding to trial without a jury when the request therefor has been made and the jury fee paid. This case was set for trial for 5 May 1953; the request for a jury together with the $5 fee was tendered on 30 April 1953. Rule 216, T.R.C.P. requires that this be done not less than 10 days in advance of the date the case be set for trial. Not complying with the rule, Appellants cannot complain of the action of the Trial Court in failing to grant a jury trial. Further, under the circumstances that may be adduced from the Transcript (there being no Statement of Facts before us), there is no abuse of discretion shown on the part of the Trial Court. Moreover, it must be presumed that the evidence supports the action of the Trial Court. Continental Fire & Cas. Ins. Corp. v. Surber, Tex.Civ.App., 231 S.W.2d 750; Kegans v. Williams, Tex. Civ.App., 214 S.W.2d 799; Erback v. Donald, Tex.Civ.App., 170 S.W.2d 289, W/E ref.

Appellants' other 3 Points—that Appellees failed to meet the burden of proof of establishing a prima facie case; that there is no evidence in the record to show any damage to support the $750 awarded as damages in the Trial Court's judgment; and that the Trial Court should have set aside the original judgment and granted a new trial—all refer to the stricken Statement of Facts for substantiation, which Statement of Facts cannot be considered.

■ In the absence of a Statement of Facts it must be presumed that the evidence supports the judgment.

Since Appellants' Points present no error, they are all overruled and the judgment of the Trial Court is Affirmed.