CHARLIE PUNCH ET AL V.
A. E. GERLACH ET AL

No. A-4350. Decided January 6, 1954.
(263 S.W. 2d Series 770)

*James E. Faulkner,* of Coldsprings, for petitioner.

The Court of Civil Appeals erred in striking and not considering the Statement of Facts, which had been approved by the trial court, certified by the official court reporter and approved by all the parties to the suit and their attorneys, and timely filed as the statement of facts in the case, simply because the trial clerk failed to place his file stamp thereon. Sparks v. Chandler, 201 S.W. 2d 252; Looney v. Wing, 195 S.W. 2d 557, writ dismissed; Pacific Fire Ins. Co. v. Smith, 145 Texas 482, 199 S.W. 2d 486.

*Vinson, Elkins, Weems & Searls,* of Houston, *Campbell and Foreman,* of Livingston, *Hightower and Wheat, and C. W. Hightower,* all of Liberty, for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Where rules are mentioned in this opinion the references are to Texas Rules of Civil Procedure.

The Court of Civil Appeals on its own motion struck the statement of facts in this case from the record, and, finding that all of the appellants' (petitioners') points of error depended for their effectiveness upon the existence of facts, it affirmed the judgment of the trial court. 260 S.W. 2d 240.

The statement of facts was duly certified by the official court reporter, approved by the attorneys for the respective parties, and presented to the trial judge, who endorsed his approval thereon and ordered that same be filed "as a full, true and correct statement of facts in said cause." Sufficient time remained thereafter for the filing of the statement of facts with the clerk of the trial court under Rule 381, but petitioners' attorney, instead of filing it with that clerk, filed it with the clerk of the Court of Civil Appeals. It has never been filed with the clerk of the trial court. Rule 404 provides:

"All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

The precise question which we are to decide in this opinion is whether the failure to file the statement of facts with the clerk of the trial court is an informality which may be waived by the opposite party under the above rule. If it is, then, admittedly, it has been waived. With commendable frankness the attorney appearing for respondents before this court upon the submission of this case stated, in effect, that if it is possible for a party to waive the filing of a statement of facts in the trial court, the respondents have waived it in this case; and that they never at any time called the matter to the attention of the Court of Civil Appeals.

The decision of the Court of Civil Appeals that it had no

authority to consider the statement of facts finds support in the cases cited in its opinion. However, we think the rule more in keeping with the spirit and objective of our Texas Rules of Civil Procedure and in harmony with our holding in Pacific Fire Insurance Co. v. Smith, 145 Texas 482, 199 S.W. 2d 486, is that the failure to file the statement of facts with the clerk of the trial court is an informality which may be waived.

Rule No. 1 defines the objective of the rules and suggests how the attainment of that objective may be aided, in this language:

"The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

■ The requirement that the statement of facts be filed with the trial court is not in the interest of more expeditious administration by the courts, but is one which primarily concerns only the litigants. Practically all of the litigation under the rules of civil procedure is adversary in method and character. The spirit of the rules is to charge the attorneys of the litigants with the responsibility of preserving the legal rights of their clients in the progress of litigation by timely action. For illustration, defects or omissions in the pleadings may be waived by failure to object thereto. Rules 67 and 90. Failure to submit special issues or explanatory instructions may be waived. Rule 279. And even an incorrect statement of law in the court's charge may be waived by failure to object timely to it. Rules 272 and 274.

In Pacific Fire Insurance Co. v. Smith, supra, this court held that failure to secure the approval of the opposing party to the statement of facts is an informality in the manner of bringing a case into the Court of Civil Appeals which can be waived under Rule 404. In that opinion we cited with approval Looney v. Wing, 195 S.W. 2d 557 (application for writ of error dismissed), which made a like holding. In this case there is no suggestion of any tampering with the statement of facts after it was approved by the parties and the trial judge. No rights of the public are involved and the striking of the statement of facts would not aid the court in the dispatch of litigation and the administration of justice between the parties. We can, therefore, perceive no rea-

son why we should hold that the failure of petitioners to file the statement of facts with the clerk of the trial court is not an informality which has been waived. Accordingly, it is ordered that the judgment of the Court of Civil Appeals be reversed and the cause be remanded to that court for a consideration of the points brought forward in the appellants' brief in that court.

Opinion delivered January 6, 1954.