**GONZALES**

v.

**UNITED STATES FIDELITY & GUARANTY CO.**

No. 12671.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1954.

Rankin, Kilgore & Cherry, Edinburg, for appellant.

Kelley, Looney, McLean & Littleton, Edinburg, for appellee.

W. O. MURRAY, Chief Justice.

Appellee, United States Fidelity and Guaranty Company, has filed this motion to strike the statement of facts heretofore filed in this Court, because it was not legally filed in the trial court, as is provided by Rule 381, Texas Rules of Civil Procedure.

Final judgment was rendered in the trial court on October 19, 1953. Appellant had fifty days thereafter within which to file the statement of facts in the trial court, or until December 8, 1953. The statement of facts was actually filed in the trial court on December 17, 1953, which was fifty-nine days after rendition of judgment. No motion was made to the trial court, under provisions of Rule 381, for an extension of time within which to file the statement of facts in the trial court. The statement of facts was not approved by the trial judge, but was approved by the attorney for the appellee, with a stipulation to the effect that appellee was not thereby waiving its right to object to the filing of the statement of facts either in the trial court or in the Court of Civil Appeals. The statement of facts and the transcript were filed in this Court on December 18, 1953, which was on the sixtieth day after the rendition of judgment, and no motion for an extension of time for filing the same was made in this Court.

■ Within thirty days thereafter, on January 15, 1954, appellee filed this motion to strike the statement of facts because it was not legally filed in the trial court. We are of the opinion that this motion should be granted. Where the statement of facts is filed in the trial court after the fifty-day period provided for by Rule 381, supra, without permission of the trial judge, such filing is a nullity and of no effect. Seaboard Fire & Marine Ins. Co. v. Halbert, Tex.Civ.App., 173 S.W.2d 180; State v. Lincoln, Tex.Civ.App., 147 S.W. 1195; Gerneth v. Galbraith-Foxworth Lumber Co., 117 Tex. 205, 300 S.W. 17; Id., Tex. Civ.App., 6 S.W.2d 215; Blackman v. Housing Authority of City of Dallas, Tex. Sup., 254 S.W.2d 103; Barron v. Theophilakos, Tex.Civ.App., 13 S.W.2d 739.

■■ The appellant did file a motion January 15, 1954, in the trial court, asking the court to permit the filing of the statement of facts, or to regard same as filed therein within the sixty day period. This motion was filed eighty-eight days after the judgment in the trial court was rendered, and after the sixty day period for filing the record in the Court of Civil Appeals, and after

the fifteen day period in which appellant might have filed a motion for extension of time for filing the record in the appellate court. A hearing was had on this motion in the trial court on January 27, 1954, and an order entered by the trial judge, after expressing doubt as to whether he had any jurisdiction at that time, providing that in the event he did have jurisdiction the statement of facts could be filed in the trial court, at a period of more than fifty days and less than sixty days from the rendition of the judgment, and that such statement of facts may be regarded as so filed. We are of the opinion that after a period of seventy-five days from the rendition of judgment in the trial court and in cases in which no motion for an extension of time has been filed in the Court of Civil Appeals, the trial judge has no jurisdiction to extend the fifty-day period provided by Rule 381, supra, for the filing of the statement of facts in the trial court, and therefore this order entered by the trial judge on January 27, 1954, was of no effect. Rule 381, supra; Lambert v. Houston Fire & Cas. Ins. Co., Tex.Civ.App., 254 S.W.2d 405.

■ The Supreme Court, in the very recent case of Punch v. Gerlach, Tex.Sup., 263 S.W.2d 770; Id., Tex.Civ.App., 260 S.W.2d 240, held that appellee, by not filing a motion to strike the statement of facts within the thirty-day period provided for by Rule 404, T.R.C.P., waived his right to complain that the statement of facts was not filed in the trial court within the fifty-day period provided for by Rule 381, supra, and conversely it would seem that where appellee filed a motion within the thirty-day period provided for by Rule 404, supra, raising the question that the statement of facts has not been legally filed in the trial court and requesting that it be stricken, such motion should be granted. Seaboard Fire & Marine Ins. Co. v. Halbert, Tex. Civ.App., 173 S.W.2d 180.

A statement of facts which has not been legally filed in the trial court should be stricken. Crawford v. Crawford, Tex.Civ. App., 256 S.W.2d 875; Mossler Acceptance Co. v. Burwell, Tex.Civ.App., 205 S.W.2d 622; Parrish v. Parrish, Tex.Civ.App., 214 S.W.2d 700; Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585; McKay v. Kelly, Tex. Civ.App., 225 S.W.2d 992; Punch v. Gerlach, supra.

Accordingly, appellee's motion to strike the statement of facts is granted.

NORVELL, Justice (dissenting).

In Punch v. Gerlach, Tex.Sup., 263 S.W. 2d 770, the Supreme Court reversed an order of the Beaumont Court of Civil Appeals dismissing a cause after said Court had on its own motion stricken the statement of facts because the same had not been filed in the trial court. In the opinion of the Court of Civil Appeals it was said that,

"This rule for all practical purposes is the same as the old statute. It is a well settled rule that failure to file the statement of facts in the trial court is fatal to its validity and vitality. The reviewing court on its own motion will strike such an unfiled statement of facts, and it will not be considered." Punch v. Gerlach, Tex.Civ.App., 260 S.W.2d 240.

A number of authorities are cited as supporting the statement above quoted, and numerous others could have been cited, among them being Seaboard Fire & Marine Ins. Co. v. Halbert, Tex.Civ.App., 173 S.W. 2d 180, 181, wherein it was said that,

"Where a statement of facts has never been filed in the trial court it will not be considered, but will be stricken out or disregarded by the appellate court on motion of a party, or on its own motion."

The decision of the Court of Civil Appeals in Punch v. Gerlach has been reversed and, as to the authority of the Court of Civil Appeals to strike a statement of facts upon its own motion, Seaboard Fire & Marine Ins. Co. v. Halbert (as well as other cases so holding) has been overruled. To my mind it follows as a logical proposition that the motion to strike the statement of facts filed herein should be overruled. The Supreme Court referred to the failure to file the statement of facts with the clerk of

the trial court within the fifty-day period as an "informality which may be waived." There is no question of waiver in this case, but it is difficult to think of a mere "informality" as having the same fatal consequences as the failure to follow and abide by a mandatory jurisdictional rule.

As Rule 377, Texas Rules of Civil Procedure, provides that the statement of facts must be agreed to by the parties or settled and approved by the trial court or judge thereof, it is difficult to submit a logical reason why the statement of facts should also bear the district clerk's file stamp and a date within the fifty-day period from rendition of judgment. Apparently the requirement is like the vermiform appendix which may have at one time served a useful purpose but has become outmoded by the processes of evolution. This does not mean that a rule should not be followed simply because one is unable to assign a good reason for the rule. This, because the fault may be with perception and insight and not with the rule at all. And I would not contend that our law should be determined by what each particular judge might regard as "sensible." But the point is that the only defect here is that when the statement of facts was filed in the trial court on December 8, 1953, it had not been approved by the trial judge. This approval of the filing of the statement of facts in the trial court can hardly be regarded as a matter relating to "the period for taking an appeal" Rule 5, Texas Rules of Civil Procedure, as is the filing of the transcript and statement of facts in the Court of Civil Appeals under Rule 386. This seems to follow from the decision in Punch v. Gerlach, particularly when the parties do not question the accuracy of the statement of facts but have agreed to its correctness. However, even this defect of non-approval by the court below has been remedied. The order of the trial court, while reciting various misgivings as to jurisdiction, etc., nevertheless directed "that the said statement of facts be, and the same is hereby approved, and be filed, or treated as filed by the Clerk of this Court at a time more than fifty (50) days and less than sixty (60) days from the rendition of judgment herein, and that the same became and be a part of the record on appeal in this cause."

In my opinion this order can not only be sustained under the provisions of Rule 5, T.R.C.P., but also under the very rule movant relies upon to dismiss the appeal. The only restriction placed upon the time within which the trial judge may act under Rule 381 is the requirement that his action shall not delay the filing of the record in the Court of Civil Appeals.

Let us re-capitulate the times mentioned in the majority opinion:

October 19, 1953,—Judgment rendered in the trial court;

December 17, 1953,—(59 days after rendition of judgment) Statement of facts filed in the trial court;

December 18, 1953,—(60 days after rendition of judgment), Statement of facts *filed in this Court.*

January 27, 1954,—The trial judge renders an order approving the statement of facts.

I particularly emphasize the words "filed in this Court." In view of the decision in Punch v. Gerlach, we can no longer indulge in the fiction that this statement of facts, although physically present in the clerk's office and bearing the stamp of our Clerk and the date, December 18, 1953, was not in legal contemplation filed *in this Court of Civil Appeals,* because it was not filed in the district court within fifty days after the rendition of judgment. If this Court could not strike the statement of facts on its own motion, our Clerk could not refuse to file it. The statement of facts was therefore *filed.* Under the strict wording of Rule 381, section (b), the order of January 27, 1954, could not possibly delay the filing of the statement of facts in this Court.

It seems to me that no valid distinction can be drawn between the filing of findings of fact and conclusions of law under Rule 297, and the filing of the statement of facts in the trial court under Rule 381. In Bostwick v. Bucklin, Tex.Civ.App., 190 S.W.2d

814, this Court applied the same holding as to the effect of non-compliance with the provisions of Rule 297, as it has theretofore applied to Article 2247, from which the rule was taken. See, Valley Box & Crate Factory v. Acker, Tex.Civ.App., 31 S.W.2d 1090. However, the Supreme Court said:

"Under the facts above stated the judge had until and including December 19 to file the findings. They were actually filed on December 21, which was only two days late. They were embodied in the transcript, which was delivered to counsel for appellant on January 6, 1945, and filed in the Court of Civil Appeals January 8, 1945. Under the facts stated, appellant suffered no delay or other injury by reason of the delay in filing the findings. Consequently no reversible error is presented. Barry v. Barry, Tex.Civ.App., 162 S.W.2d 440; Watts v. Hartford Accident & Indemnity Co., Tex.Civ. App., 140 S.W.2d 604; Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117; National Cash Register Co. v. Gould, Tex.Civ.App., 37 S.W.2d 230; San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W.2d 197, writ refused; Barfield v. Emery, 107 Tex. 306, 177 S.W. 952; Rule 434, T.R.C.P." Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818, 819.

In the case before us, no prejudice to the appellee is pointed out. No delay in the *filing* of the record or the presentation of the case in this Court has resulted. I think the principle annunciated in Bostwich v. Bucklin has application here.

My position may be summarized as follows: When the Supreme Court held that a Court of Civil Appeals could not upon its own motion strike a statement of facts because it was not filed in the trial court, it necessarily held that such filing was not a jurisdictional matter, as parties can not by agreement, waiver or acquiescence confer jurisdiction upon a court. The question then is not one of jurisdiction, nor even of waiver, but of prejudice. The rule has

been technically (although belatedly) complied with. No prejudice has been shown and the motion to strike the statement of facts should therefore be overruled.

I respectfully dissent from the order sustaining the motion.